■ In the Matter of DIANE MILLAR, a Child Alleged to be Neglected. ARGENTINA IGLESIA, Appellant.— Order of the Family Court of the State of New York, Bronx County, entered on April 6, 1971, granting custody to appellant mother under supervision of Probation Department for a period of one year, and order of said court, entered on July 28, 1970, adjudging neglect, affirmed, without costs and without disbursements. The record amply supports the finding of neglect (Family Ct. Act, § 1012, subd. [f]) in that the child, although not already impaired, is " in imminent danger of becoming impaired ". A child living alone with a chronic paranoid and severely psychotic schizophrenic mother is in imminent danger of becoming physically and emotionally impaired. The record establishes that appellant suffers and has suffered for over 10 years with a serious mental illness. A diagnosis has been made in the appellant's case of " chronically delusional ", " poorly organized ", " chronic paranoid schizophrena " and " sev-erely psychotic '.' Appellant was a patient in Rockland State Hospital. Sub-sequently she came to Riverdale Mental Health Clinic for aftercare and refused

treatment and medication and led a totally isolated existence. The order of disposition discharging the child to appellant's custody subject to one year's probation and the order adjudging neglect are amply supported by the record. Concur — Markewich, J. P., McNally, Steuer and Capozzoli, JJ.; Murphy, J., dissents in the following memorandum: I would reverse the finding of neglect and dismiss the petition. While I recognize that a neglected child now includes one whose physical, mental or emotional condition is "in imminent danger of becoming impaired", such danger of impairment must "result [from] the failure of his parent * * * to exercise a minimum degree of care (A) in supplying the child with adequate food, clothing, shelter or education * * * or (B) in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment; or by using a drug or drugs; or by using alcoholic beverages * * * or by any other acts of a similarly serious nature requiring the aid of the court" (Family Ct. Act, § 1012, subd. [f]). In other words, some connection must be shown between the conduct of the parent and the injury, or impending injury, to the child. It is not sufficient to merely show the mother's deficiencies without also establishing that the child is suffering or likely to suffer from neglect. It is, of course, fundamental that the right of a natural mother to the care and custody of her child is superior to that of all others and only the gravest reasons justify judicial interference with such relationship. (*People ex rel. Scarpetta* v. *Spence-Chapin Adoption Serv.*, 28 N Y 2d 185; *People ex rel. Kropp* v. *Shepsky*, 305 N. Y. 465.) In the instant proceeding it was specifically noted by the fact-finder that the child had not been neglected; only that her emotional condition was "in imminent danger of becoming impaired as a result of [her mother's] mental condition." No evidence was adduced to connect such "condition" with the strong probability of future neglect. On the contrary, appellant's conduct in refusing to go to the hospital until she was assured that her child would be adequately cared for by a neighbor, and in calling the neighbor every night during her 13-day hospital confinement, evinces an overriding concern for the welfare of her child. Lastly, even if it is assumed that a finding of neglect may be sustained solely on the mother's medical history, I am not satisfied that her present mental state was satisfactorily established. No psychiatric testimony was introduced although the court below stated that such testimony was necessary and the Jacobi Hospital psychiatrist who interviewed appellant was subpoenaed. The Family Court finding was predicated, therefore, solely on the testimony of lay witnesses and several letters disclosing that appellant had been hospitalized for six months in 1962 (several years before her child was born), received out-patient care intermittently thereafter, was hospitalized for some 13 days in 1970 and that her condition was diagnosed as set forth in the majority's memorandum. Before the stigma of neglect is attached to both mother and child and before the separation of a child from her parent may be directed, more should be required. In short, the determination of neglect in the instant proceeding is not based on a preponderance of competent, material and relevant evidence (Family Ct. Act, § 1046). Accordingly, the orders appealed from should be reversed and the petition dismissed.