■ DEPARTMENT OF SOCIAL SERVICES, ST. LAWRENCE COUNTY, Respondent, v JOAN R, Appellant.—Appeals from orders of the Family Court of St. Lawrence County, entered February 2, 1977, which adjudged one child of appellant to be a neglected child and placed him in the custody of the Department of Social Services for one year and terminated parental custody of another child of appellant and awarded custody to the Department of Social Services for the purposes of adoption. The present proceeding was commenced by the Department of Social Services of St. Lawrence County when it filed in the Family Court of St. Lawrence County two petitions, one seeking a finding of neglect against respondent concerning her baby son, David R, and the awarding of custody and guardianship of the child to the department pursuant to article 10 of the Family Court Act and the other seeking a permanent termination of parental rights concerning respondent's daughter, Cheryl R, pursuant to section 384 of the Social Services Law. Following a trial on November 16, 1976, the Family Court granted the relief requested in the petitions at the dispositional hearing on January 31, 1977, and these appeals ensued. The orders appealed from should be affirmed. Expert testimony at the trial by Dr. Clifford, a psychiatrist, establishes by clear and convincing evidence that appellant suffers from mental illness, i.e., schizophrenia chronic undifferentiated type, and that, as a result of said illness, she is unable now and will likely remain unable in the future to properly care for a child. Under these circumstances, the record amply justifies the finding that David R was a neglected child within the definition of that term contained in subdivision (f) of section 1012 of the Family Court Act (cf. *Matter of Millar,* 40 AD2d 637, affd 35 NY2d 767) and also the termination of parental custody rights concerning Cheryl R. Although the statutory authority cited by the Family Court for this latter disposition, i.e., subdivision 7 of section 384 of the Social Services Law, has been repealed (L 1976, ch 666, § 2), the court's authority to make such a disposition has been continued by the enactment of section 384-b of the Social Services Law (see specifically, subd 1, par [a], cl [iv]; subd 4, par [c]). In response to certain contentions made by appellant, we would conclude by noting that, in view of her demonstrated mental illness, it is immaterial that Dr. Clifford did not observe appellant interacting with her children. Additionally, the record also establishes that the department previously made a concerted but unsuccessful attempt to keep appellant and her children together as a family (see Social Services Law, § 384-b, subd 1, par [a], cl [iii]). Orders affirmed, without costs. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.