■ In the Matter of EUGENE G., a Child Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES OF CITY OF NEW YORK, Appellant; JERRO-LYN D., Respondent.—Order of the Family Court of the State of New York, New York County, entered January 24, 1980, which dismissed a petition of the Commissioner of Social Services of the City of New York to have the infant Eugene G. adjudged a neglected child in accordance with the provisions of article 10 of the Family Court Act, reversed, on the law and the facts, without costs and without disbursements, and the petition granted. The commissioner initiated a proceeding to have respondent mother's three-month-old son, who has never lived with respondent, determined to be a neglected child, for the mother's mental and emotional difficulties were said to be such as to render her unable to provide a minimum degree of care for the child. Though the petition was dismissed, stay orders issued by the trial court and then this court have remanded the child to the commissioner's custody pending determination of this appeal. The fact-finding hearing held on the petition disclosed the mother was 33 years of age, has had a history of psychiatric treatment since she was 16 and suffers from a mental illness which has been consistently diagnosed as schizophrenia. In the opinion of her current psychiatrist, who saw her on approximately 20 occasions during the year preceding the hearing, she is a chronic paranoid schizophrenic. Respondent's hospitalizations include two years at Westfield Reformatory, 18 months at Matteawan State Hospital, two years at Harlem Valley State Hospital and for several years she was "in and out" of Kings Park Hospital. Most recently her emotional and mental instability necessitated her hospitalization for several weeks at Bellevue Hospital in August, 1979, after she was found wandering nude near St. Lukes Hospital; and shortly after the birth of her son she was hospitalized again for approximately one month at Manhattan Psychiatric Center because she experienced anxiety and confusion, lability of mood and feelings of ambivalence about caring for Eugene.

Presently she is taking antipsychotic medication designed to modify her mood and normalize her behavior; however, the medication has not proven totally successful. While past deficiencies and hospitalizations do not establish neglect or unfitness per se *(Matter of Daniel C.,* 47 AD2d 160), here the medical records, read in conjunction with the psychiatric testimony offered at the hearing, amply support the commissioner's assertion that if the child was released to the mother there was a substantial probability of neglect for she was incapable at that time of providing him with that minimum degree of care needed to see to his upbringing. (See *Matter of Millar,* 40 AD2d 637, affd 35 NY2d 767; *Matter of Hime Y.,* 73 AD2d 154.) Significantly, no evidence was presented by the respondent or the Law Guardian representing the child. The trial court, though evincing genuine concern for the infant's well-being, felt constrained to dismiss the petition because the psychiatrist would not unequivocally state whether Eugene, if released to his mother, would be neglected by her, since he had never observed the two together. We harbor no such restraint. Given her long record of a mental illness marked by aggressiveness, poor impulse control, paranoia and persecutory delusions, her recent relapses, the absence of any assurance that relapses will not recur and the obvious fact that infants of this age require a high degree of care and attention lest serious consequences befall them, we consider it immaterial that the psychiatrist did not observe her interacting with her child. *(Department of Social Servs., St. Lawrence County v Joan R.,* 61 AD2d 1108.) Whether Eugene will ultimately require placement is not before us; that is a matter to be resolved following a prompt dispositional hearing and at that hearing respondent can testify and be psychiatrically evaluated by a court-appointed psychiatrist. In the interim the infant is to remain in the custody of the commissioner. Concur—Kupferman, J. P., Fein, Sandler, Bloom and Yesawich, JJ.