■ In the Matter of SHELLEY RENEA K., a Child Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANNA MARIE K., Appellant. — Appeal from an order of the Family Court of Otsego County, entered March 28, 1980, which placed respondent's child in foster care upon a finding that the child was neglected. Following a hearing, the Family Court found that respondent's daughter was a neglected child based upon proof of some 13 unexcused absences from school during the period November, 1978 through June, 1979 and upon proof that she was tardy a number of other times, that she had appeared in school dirty and without shoes on one occasion and that on many occasions the child had made a telephone call to relatives after school to find out where she should go. The respondent contends that this proof is insufficient to support a finding of neglect. We agree. Subdivision (f) of section 1012 of the Family Court Act defines " 'Neglected child' ", in pertinent part, as one "(i) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care (A) in supplying the child with adequate food, clothing, shelter or education in accordance with the provisions of * * * the education law". The statute requires a finding that the parent is not providing minimum care *and* that, as a result, the physical, mental or emotional condition of the child has been impaired or is in imminent danger of becoming impaired (cf. *Matter of Daryl R. L.,* 67 AD2d 948). Under certain circumstances, due to the nature of the inability or unwillingness of the parent to provide minimum care, the finding of a lack of minimum care necessarily includes the finding of impairment or imminent danger of impairment. Thus, for example, while a mother's mental retardation may not be a per se basis for a finding of neglect *(Matter of Trina Marie H.,* 48 NY2d 742), evidence that she

"suffers from [a] mental illness * * * and that, as a result of said illness, she is unable now and will likely remain unable in the future to properly care for a child" is sufficient to sustain a finding of neglect *(Department of Social Servs., St. Lawrence County v Joan R, 61 AD2d 1108; see, also, Matter of Eugene G., 76 AD2d 781).* Similarly, proof that a parent is keeping her daugher out of school, as a means of compelling the school to change the kind of education available to the student, without providing the child with the education required to meet the minimum standards prescribed by section 3204 (subd 3, par a, cl [1]) of the Education Law, will support a finding of neglect *(Matter of Baum, 61 AD2d 123).* Neglect has also been found where a parent keeps her children out of school and attempts to provide equivalent educational training at home, which is found to be inadequate *(Matter of Franz, 55 AD2d 424).* Here, however, the only testimony offered by petitioner was that of the principal of the elementary school attended by respondent's daughter during the period at issue. This testimony was based largely upon school records and reports of teachers and other school employees. The thrust of the testimony was aimed at establishing that respondent's daughter had been absent or tardy without excuse an excessive number of times. There is absolutely no proof that the unexcused absences, either alone or coupled with the unexcused tardiness of respondent's daughter on other occasions, had any adverse impact upon the child's education. The child's classroom teacher during the period in issue did not testify, and no reports concerning the child's performance in the classroom were introduced; nor did the principal have any first hand knowledge of such performance. Accordingly, the conclusion that respondent has failed to exercise a minimum degree of care in supplying her daughter with education is speculative, and there is absolutely no support in the record for the further inference that the child's physical, mental or emotional condition has been impaired or is in imminent danger of being impaired (see Family Ct Act, § 1012, subd [h]). The remaining proof upon which the Family Court based its finding of neglect is similarly deficient. In our view, the proof of an isolated instance of the child appearing in dirty clothes and without shoes, and that she often had to telephone a relative to find out where she should go after school, is insufficient to establish respondent's lack of minimum care for her daughter. Moreover, there is no proof of any adverse effect or threat of adverse effect upon the child's physical, mental or emotional condition. Order reversed, on the law and the facts, without costs, and petition dismissed. Mahoney, P. J., Sweeney, Main, Mikoll and Casey, JJ., concur.