■ In the Matter of ALFREDO HH., Alleged to be a Neglected Child. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LAWRENCE HH. et al., Appellants. — Appeal from an order of the Family Court of Schenectady County (Levine, J.), entered January 23, 1980, which adjudicated Alfredo HH. to be a neglected child and directed placement of him with petitioner for a period of 18 months. Respondents are a married couple to whom Alfredo HH. was born on May 3, 1979. On the following day, with both respondents present in Family Court, petitioner obtained a temporary order of removal. Shortly thereafter, on May 9, 1979, a neglect petition pursuant to article 10 of the Family Court Act was filed alleging that both respondents suffered from an emotional illness which rendered them incapable of exercising a minimum degree of care in providing for the child's needs. Following a hearing, Family Court found the child to be neglected and directed that the child be placed with

petitioner for 18 months with visitation and other support services being provided to respondents. This appeal by respondents ensued. Respondents argued that their constitutional rights were violated since they are temporarily being denied control of their child without ever having been given the opportunity to care for him. It is well established that there exists a narrow set of circumstances in which the State, acting in its role as *parens patriae,* can displace or intrude on the role of the natural parent *(Matter of Bennett v Jeffreys,* 40 NY2d 543, 545-546). One of those situations is when a child's "physical, mental or emotional condition has been impaired *or is in imminent danger of becoming impaired* as a result of the failure of his parent * * * to exercise a minimum degree of care" in providing for the needs of the child (Family Ct Act, § 1012, subd [f], par [i]; emphasis added). This provision, when read in conjunction with section 1046 of the Family Court Act, has been held to permit the State to act on the ground of neglect to protect newborn children from the hazard of parents who pose an imminent risk to the infant's life or health, despite the fact that the children were never in their parents' care *(Matter of "Male" R.,* 102 Misc 2d 1; *Matter of Anthony,* 81 Misc 2d 342; *Matter of Katherine J.,* 71 Misc 2d 47; *Matter of Santos,* 71 Misc 2d 789). Finding no infirmity in the petition, we turn to the issue of whether the finding made by the Family Court that respondents' child was neglected was based on a preponderance of the evidence introduced at the fact-finding hearing (Family Ct Act, § 1046, subd [b], par [i]). We conclude that it was. The unrebutted testimony of both a psychiatrist and a psychologist indicated that respondents were developmentally disabled to the extent that the child's mental and emotional condition would be severely impaired if he were returned to his natural parents. Accordingly, the Family Court's order must be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Mikoll, JJ., concur.