■ In the Matter of JAMES MONROE et al., Petitioners, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in St. Lawrence County) to review a determination of the Commissioner of the State Department of Social Services which denied petitioners' request that the report of maltreatment in the central register of child abuse and maltreatment be expunged. On December 6, 1977, a report of suspected child abuse or maltreatment was received by the child protective service of the St. Lawrence County Department of Social Services. Petitioners are the natural parents of the child in question, a daughter, then 16 years of age. The report, which cited emotional neglect of the daughter by petitioners and excessive corporal punishment administered upon the daughter by petitioner father, was filed pursuant to section 424 of the Social Services Law with the New York State Department of Social Services central register of child abuse and maltreatment on December 9, 1977. Following investigation, the local office filed its follow-up report with the central register, concluding that although there was some credible evidence of maltreatment the report should be classified as "unfounded" because the incident of maltreatment was isolated, the child was approaching adulthood, and the parents were co-operative. The central register rejected the reasons for classifying the report as "unfounded" and returned it to the local office. The report was then classified as "indicated" and again filed with the central register. When the central register refused petitioners' request to amend or expunge the "indicated" report, a fair hearing was held. Thereafter, respondent commissioner refused to amend or expunge the "indicated" report. The instant proceeding was then brought to review the determination. At the outset, we note that subsequently respondent did amend the report to expunge all references to emotional neglect. Consequently, we are concerned only with the finding of excessive corporal punishment allegedly administered by petitioner father. Petitioners raise several issues urging annulment. We will first consider the alleged impropriety of the central register's refusal to accept the initial report filed by the local child protective service. Petitioners maintain that the central register usurped the authority of the local service. We disagree. While the local child protective service is charged with investigating reports of suspected child abuse and determining whether the report is "indicated" or "unfounded" (Social Services Law, § 424; 18 NYCRR 432.3), the central register had the duty of monitoring the provision of child protective service (Social Services Law, § 422, subd 2). An "'unfounded report'" is defined as any report unless an investigation determines that some credible

evidence of the alleged abuse or maltreatment exists (Social Services Law, § 412, subd 5; 18 NYCRR 432.1 [e]) while an " 'indicated report' " is defined as a report if an investigation determines that some credible evidence of the alleged abuse or maltreatment exists (Social Services Law, § 412, subd 6; 18 NYCRR 432.1 [f]). It has been determined that the local commissioners are the agents of the State department, and they may not substitute their interpretation of the regulations of the State department for those of the State department as the recognition of such a right would undermine the supervisory authority of the State commissioner inviting administrative chaos (*Matter of Beaudoin v Toia [Jorczak]*, 45 NY2d 343, 347). In the present case, the local service actually found that there was credible evidence of the alleged maltreatment, but for extraneous reasons made a classification of "unfounded". We are of the view that the central register, which is established within the State department (Social Services Law, § 422, subd 1), acted properly. Since the determination by the local office found some credible evidence of the maltreatment, it was bound by existing statutes and regulations and the State department's interpretation thereof. We now pass to petitioners' contention that respondent's determination is not supported by substantial evidence. Subdivision 2 of section 412 of the Social Services Law provides that a " 'maltreated child' " includes a child under 18 years of age defined as a neglected child under the Family Court Act. The Family Court Act, in pertinent part, defines a neglected child as a child under 18 years of age whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent to exercise a minimum degree of care in providing the child with proper supervision by unreasonably inflicting harm, including the infliction of excessive corporal punishment (Family Ct Act, § 1012, subd [f]). The record reveals several instances where the alleged excessive corporal punishment was inflicted. Petitioners admit the incidents which consisted of striking the child with a plastic-covered bicycle cord, striking her with a belt and throwing milk on her. Photographs admitted in evidence reveal marks on the child's lower back and buttocks. Considering the record in its entirety, we are of the opinion that there is substantial evidence to support respondent's determination. Finally, we reject petitioners' contention that respondents failed to comply with procedural time limitations so as to require annulment of respondent's determination. We have also considered all other arguments advanced by petitioners and find them unpersuasive. The determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.