In the Matter of WILLIAM P. MARONEY et al., Petitioners, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.

Third Department, July 12, 1984

APPEARANCES OF COUNSEL

*Gerstenzang, Weiner & Gerstenzang (Neil S. Weiner* of counsel), for petitioners.

*Robert Abrams, Attorney-General (Martin A. Hotvet* and *William J. Kogan* of counsel), for respondents.

**OPINION OF THE COURT**

CASEY, J.

Pursuant to title 6 of article 6 of the Social Services Law, a report of suspected child abuse or maltreatment, concerning petitioners and their daughter, was filed with the central register established for receiving such reports. The

stated basis for the report was an incident of excessive corporal punishment administered by petitioner father. The report was classified as "indicated", which means that an investigation revealed "some credible evidence" of the alleged maltreatment (Social Services Law, § 412, subd 6), but concluded that petitioners' daughter was not at risk within the home despite petitioners' refusal to alter their views concerning physical punishment. Petitioners sought to expunge the report, pursuant to subdivision 8 of section 422 of the Social Services Law, and commenced this CPLR article 78 proceeding to challenge the final determination denying their request.

The report at issue here concerns an allegation that due to excessive corporal punishment, petitioners' daughter was a "maltreated child" as defined in section 412 (subd 2, par [a]) of the Social Services Law, which refers to the definition of "neglected child" in the Family Court Act. Petitioners maintain that since their daughter sustained only a few minor cuts and bruises, there was no physical impairment and, therefore, she was not a "neglected child" as defined in subdivision (f) of section 1012 of the Family Court Act. Thus, petitioners argue, their daughter could not be a "maltreated child" within the meaning of section 412 (subd 2, par [a]) of the Social Services Law, irrespective of whether excessive corporal punishment was inflicted upon her.

Subdivision (f) of section 1012 of the Family Court Act defines a "neglected child" in terms of either impairment or imminent danger of impairment resulting from a parent's failure to exercise minimum care. The infliction of excessive corporal punishment is specifically included as a type of conduct which constitutes failure to exercise minimum care (Family Ct Act, § 1012, subd [f], par [i], cl [B]), and there is ample proof of excessive corporal punishment herein. It is virtually undisputed that petitioner father, with the acquiescence and consent of petitioner mother, pushed his daughter several times, pulled her hair, slapped her face, kicked her leg, forced her to retreat into a closet, and threw an alarm clock at the wall near her, and that these actions were motivated largely by anger. There is also uncontested proof that the daughter received a number of injuries as a result of the incident, including an

abrasion to her left elbow, swelling around the eye, a cut on the inside of her lower lip and a bruise to her right thigh. That these injuries were not more serious is not, as petitioners suggest, dispositive of whether their daughter could be considered a maltreated child.

The impairment referred to in the definition of "neglected child" creates a lower threshold of resultant harm than the "serious physical injury" required by the definition of "abused child" (see Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act, § 1012, p 257). Moreover, since the definition of "neglected child" refers to either impairment or imminent danger of impairment, the absence of actual injuries does not preclude a finding of neglect (see, e.g., *Matter of Alfredo HH.*, 84 AD2d 860).* The statutory grounds for expunging or amending the record of a report in the central register are that the report is inaccurate or that it is being maintained in a manner inconsistent with title 6 of article 6 of the Social Services Law (Social Services Law, § 422, subd 8). Petitioners' challenge is directed to the accuracy of the report insofar as it indicates that their daughter was a maltreated child as a result of an incident of excessive corporal punishment. A report is accurately classified as "indicated" if an investigation determines that some credible evidence of the alleged maltreatment exists (Social Services Law, § 412, subd 6). Our review of the record as a whole, including the proof of excessive corporal punishment and resultant injuries to the child, convinces us that there is substantial evidence to support respondents' determination that the record of the report should not be expunged (see *Matter of Monroe v Blum,* 90 AD2d 572).

Petitioners' arguments that respondents confused and misapplied the relevant statutory definitions and that title 6 of article 6 of the Social Services Law is somehow inconsistent with article 10 of the Family Court Act are unpersuasive.

The determination should be confirmed, and petition dismissed, without costs.

---

* Also, "[u]nder certain circumstances, due to the nature of the inability or unwillingness of the parent to provide minimum care, the finding of a lack of minimum care necessarily includes the finding of impairment or imminent danger of impairment" (*Matter of Shelley Renea K.,* 79 AD2d 1073).

MAIN, J. P., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.