(October 11, 1984)

■ In the Matter of TAMMIE Z. and Others, Alleged to be Neglected Children. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; OWEN DENNIS Z., Appellant. — Appeals (1) from an order of the Family Court of Chemung County (Donahoe, J.), entered March 29, 1982, which determined that respondent's three children were neglected, and (2) from an order of said court, entered April 15, 1982, which placed the children with petitioner for 18 months subject to annual renewal.

Respondent was the custodial parent of three children, Tammie, Clint and Gregg, ages 10, 6 and 4, respectively, at the time petitioner commenced the instant neglect proceeding under article 10 of the Family Court Act. The children were temporarily placed in foster care pending the outcome of the proceeding. Following a fact-finding hearing, Family Court sustained the petition upon proof that the two older children repeatedly appeared in school unkempt and dirty; that Tammie was absent from school 13 times during the period September, 1980 through February, 1981 and Clint was absent 21 times during the same period; that Tammie's grade performance was below average

and Clint's unsatisfactory; that Tammie had a continual skin rash from November, 1980 through January, 1981 which was eventually diagnosed as scabies; that the children were brought to a restaurant in the evenings on a daily basis until approximately 11:30 P.M., where they were generally left unsupervised; that on at least one evening in February, 1981, the children were sent to wait in the car for some three hours while respondent remained in the restaurant; and that the family lived in a mobile home for which respondent generated his own electricity and which lacked hot water. After a dispositional hearing, the children were placed with petitioner for an 18-month period, which has since been extended an additional year (Family Ct Act, § 1055, subd [b], par [i]). Respondent urges that this proof is insufficient to support a finding of neglect and that, in any event, Family Court abused its discretion in directing placement of the children with petitioner. We disagree.

Initially, we note that the standard of proof in neglect cases, i.e., a fair preponderance of the evidence, does not offend due process (see *Matter of Linda C.,* 86 AD2d 356). On the merits, it is clear that the State, in its role as *parens patriae,* may displace and assume the role of the natural parent under certain limited circumstances (*Matter of Bennett v Jeffreys,* 40 NY2d 543, 545-546), such as when a child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent * * * to exercise a minimum degree of care" in providing that child's everyday needs (Family Ct Act, § 1012, subd [f], par [i]; see *Matter of Alfredo HH.,* 84 AD2d 860). In our view, the record provides ample support for a finding of neglect. Considering cumulatively the evidence presented, it becomes all too clear that respondent was remiss in providing the basic necessities for his children, in effect placing them in imminent danger of impairment of their physical well-being (see Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act, § 1012, pp 245-257). The absence of actual injury does not preclude a finding of neglect (*Matter of Maroney v Perales,* 102 AD2d 487, 489). The case of *Matter of Shelley Renea K.* (79 AD2d 1073), where this court rejected a finding of neglect upon a showing of 13 unexcused school absences and an isolated instance of appearing dirty at school, is distinguishable.

The instant case goes far beyond that scenario and evinces respondent's continued failure to heed his children's personal hygiene and educational needs, as well as provide appropriate parental supervision or guidance. Moreover, in view of respondent's obstinate failure to cooperate with petitioner's efforts to

reunite the family, we find no abuse of discretion in the court's direction of placement with petitioner (see Family Ct Act, §§ 1052, 1055). Finally, a review of the record belies respondent's contention that he was denied a fair and impartial hearing.

Orders affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.