■ In the Matter of ANNA X., Alleged to be a Neglected Child. DAVID CLOVSKY, as Commissioner of the Chemung County Department of Social Services, Respondent; FRANCES X., Appellant.—Yesawich, Jr., J. Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered October 22, 1987, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Anna X. a neglected child.

Respondent, born in July 1965, is an unwed mother of diminished mental capacity with a full-scale IQ last measured at 60. In June 1987, she gave birth to a daughter who has been in petitioner's custody since the child was two days old, first under a temporary removal order and then, following fact-finding and dispositional hearings, in accordance with an order placing her in petitioner's custody for up to 18 months; the latter order is the subject of the instant appeal. The primary issue is whether petitioner established by a preponderance of the evidence *(see,* Family Ct Act § 1046 [b] [i]) that respondent's daughter "is in imminent danger of becoming impaired as a result of the failure of [her mother] to exercise a minimum degree of care" (Family Ct Act § 1012 [f] [i]).

To her credit, respondent kept a clean home, with the exception of the day before she delivered her child, successfully completed a hospital-sponsored prenatal training course, purchased various baby items and clearly loves the child. At the same time, the record also discloses that respondent has very limited reading ability, did not remember or could not follow instructions regarding feeding the baby, and attributed the child's failure to eat to a lack of appetite or to the child's missing her father, when the problem was improper technique and, apparently, an inappropriate formula. The foster mother of respondent's child testified that respondent's attention to

the infant was limited right up to September 15, 1987, the very day of the fact-finding hearing; specifically, during her visitations, respondent would care for her daughter only a short time before putting her down or turning her over to the foster mother, preferring instead to watch television or chat, leaving most of the baby care to the foster mother. Bearing in mind that "infants of this age require a high degree of care and attention lest serious consequences befall them" *(Matter of Eugene G.,* 76 AD2d 781, 782), we are not disposed to disagree with Family Court's assessment of the uncontroverted testimony that respondent's lack of parenting capability posed an imminent danger to her child should the petition be denied *(see generally, Matter of Alfredo HH.,* 84 AD2d 860, 861).

Placement of the child in temporary foster care, on the other hand, will allow respondent to continue to learn how to care for the child while insuring that the child is adequately cared for during her tenderest years. Respondent argues for a less onerous alternative, that of placing the child with her mother under the supervision of petitioner and the tutelage of petitioner's homemaker service, its parent aid program and the Public Health Service's home nurse visits. However, the record discloses that the parent aid program is not available to respondent and that the other programs would provide insufficient supervision to compensate for respondent's shortcomings at this point in the child's development and the mother's training.

On a separate issue, petitioner concedes that Family Court failed to comply with Family Court Act § 1055 (b) (v), which requires the court to set forth the basis for the length of placement ordered, a provision which took effect just one month before the subject order was entered. While this error would normally require remittal, the issue has effectively been mooted by the passage of time which will necessarily occur before this court could review any findings returned to us following a remittal. Therefore, since the record is adequate for our own review of the issue, we will do so in the interest of justice and judicial economy *(see, Donnelly v Donnelly,* 144 AD2d 797, 799).

Since respondent's mental limitations are apparently not correctable in the foreseeable future and are of such dimensions that acquiring parental skills will be a lengthy process, 18 months is not an inappropriate length of time, within the limits of Family Court Act § 1055 (b) (i), to enable respondent to begin to attain those skills while her child is provided a

much lower risk environment. Furthermore, as the child becomes less vulnerable with age and respondent develops as a mother, the possibility of petitioning to terminate the placement is available to respondent.

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.