◼ In the Matter of CHRISTOPHER W., a Child Alleged to be Neglected.—Order unanimously affirmed without costs. Memorandum: Family Court failed to comply with Family Court Act § 1055 (b) (v), which requires the court to set forth the basis for the length of placement ordered. While this error would normally require remittal, the issues presented will be moot by reason of the passage of time which will necessarily occur before this court could review any findings returned to us following a remittal. Therefore, we will make our own findings in the interest of justice and judicial economy (see, Matter of Anna X., 148 AD2d 890, lv denied 74 NY2d 608). We find that Christopher's father, his only living parent, has not involved himself in Christopher's treatment planning and rehabilitation. That is required before discharge to his father's home may be considered. Thus, we conclude that Christopher's father has demonstrated an inability to care for him and that it is in Christopher's best interest that placement be extended for the period ordered by the court (see, Matter of Belinda B., 114 AD2d 70, 74). (Appeal from order of Erie County Family Court, Sedita, J.—extension of placement.) Present—Denman, J. P., Boomer, Pine, Balio and Lowery, JJ.