■ In the Matter of KASEY C. and Others, Children Alleged to be Neglected. In the Matter of KASEY C. and Others, Children Alleged to be Neglected. (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: In these proceedings pursuant to Family Court Act article 10, we conclude that the evidence at the fact-finding hearing is sufficient to support the court's finding that the children are neglected. The statute permits a finding of neglect based upon evidence that the children's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of" respondents' failure "to exercise a minimum degree of care", by "unreasonably inflicting or allowing to be inflicted harm, or a substantial risk

thereof" (Family Ct Act § 1012 [f] [i] [B]). Child protective authorities need not wait until harm actually befalls a child before they may intervene (see, *Matter of Anna X.*, 148 AD2d 890, *lv denied* 74 NY2d 608; *Matter of Tammie Z.*, 105 AD2d 463, 464, *affd* 66 NY2d 1; *Matter of Maroney v Perales*, 102 AD2d 487, 489), and the children may be deemed to be neglected by dint of predicted future conduct on the part of the parent or other custodian (cf., *Matter of Anna X., supra; Matter of Alfredo HH.*, 84 AD2d 860), so long as the risk to the children is "imminent" (Family Ct Act § 1012 [f] [i]).

There is ample proof to show that the children are at imminent risk of sexual abuse as a result of the presence of respondent Raymond Y. in the household. Contrary to respondents' contention, the finding of neglect does not depend exclusively on the fact that Raymond is a convicted child sexual abuser. The proof demonstrates that he is an unreconstructed sexual abuser who denies his guilt of the prior incidents for which he was convicted; who refuses to seek treatment; who possesses a gun and a set of handcuffs, items used by him in the prior incident of abuse; and who acknowledges that he might abuse the children. Those facts, combined with the expert testimony concerning the likelihood of recidivism and the already impaired emotional state of the oldest child, show that the prospect of harm to the children is not a mere speculative possibility, but rather a serious and imminent risk.

Similarly, as against respondent Tammy C.Y., neglect was properly found based on proof that she should have known of the risk of sexual abuse (a risk that she created), should have taken steps to alleviate that risk, but willfully failed to do so (see, *Matter of Daniel DD.*, 142 AD2d 750). The record makes clear that Tammy was warned of Raymond's past conviction for sexual abuse before she married him. Despite being warned of the potential risks, she routinely left the children alone in Raymond's care, including one occasion following the court's issuance of a temporary protective order forbidding such contact. Without foundation, Tammy echoes Raymond's claim of innocence of the charge of which he was convicted, and supports his refusal to obtain treatment. Tammy's disregard of the risk that Raymond poses to her children constitutes a serious deficiency on her part and is an imminent threat to the children's well-being.

We have reviewed Tammy's constitutional claims and conclude that they are without substance. (Appeals from Order of

Onondaga County Family Court, Hedges, J.—Neglect.) Present —Denman, P. J., Green, Balio, Boehm and Fallon, JJ.