■ In the Matter of BABY BOY E., a Child Alleged to be Neglected. DEPARTMENT OF SOCIAL SERVICES, Respondent; MARLENE E., Appellant.—In a proceeding pursuant to Family Court Act article 10, the natural mother appeals from (1) a decision of the Family Court, Westchester County (Barone, J.), entered January 30, 1990, which, after a fact-finding hearing, found that the subject child was neglected, (2) a fact-finding order of the same court entered March 30, 1990, entered upon the decision, (3) a decision of the same court dated April 30, 1990, made after a dispositional hearing, and (4) a dispositional order of the same court, entered July 2, 1990, which, *inter alia,* placed the subject child in the custody of the Westchester County Department of Social Services for a period of 12 months.

Ordered that the appeals from the decisions entered January 30, 1990, and dated April 30, 1990, respectively, are dismissed, without costs or disbursements, as no appeal lies from a decision; and it is further,

Ordered that the appeal from the fact-finding order entered March 30, 1990, is dismissed, without costs or disbursements, as that order was superseded by the dispositional order entered July 2, 1990; and it is further,

Ordered that the dispositional order entered July 2, 1990, is affirmed, without costs or disbursements.

The evidence adduced in this case established that the appellant natural mother suffers from a serious and chronic mental illness which is characterized by delusions. Given the absence of adequate proof as to the appellant's willingness to accept medical treatment, or as to the efficacy of whatever treatment might exist, we also conclude that the evidence was sufficient to prove that "if the child [were] released to the mother there [would be] a substantial probability of neglect" *(Matter of Eugene G.,* 76 AD2d 781, 782; *see also, Matter of Millar,* 40 AD2d 637, *affd* 35 NY2d 767; *Matter of Benjamin YY.,* 159 AD2d 815; *Matter of Zariyasta S.,* 158 AD2d 45). We, therefore, agree with the Family Court, the County Attorney, and the Law Guardian, that the child who is the subject of this proceeding is "neglected" within the meaning of the Family Court Act § 1012 (f). Thompson, J. P., Bracken, Pizzuto and Santucci, JJ., concur.