■ In the Matter of TIFFANY H. and Others, Children Alleged to be Abused and Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KELLY I., Appellant. (And Another Related Proceeding.) [628 NYS2d 439] —Spain, J. Appeal from an order of the Family Court of Clinton County (McGill, J.), entered April 12, 1993, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children and niece to be neglected.

---

Petitioner filed petitions pursuant to Family Court Act article 10 alleging that respondents, Kelly I. (hereinafter respondent) and her husband, Michael I. (hereinafter Michael), had abused and neglected Tiffany H. (born in 1984), Jessica H. (born in 1987) and Jamie I. (born in 1990), children in their custody. Jamie is the daughter of respondent and Michael, Tiffany is the daughter of respondent and another man who is not a party to this proceeding, and Jessica is respondent's niece who was living with respondent and Michael at the time of the petition.

The petition alleged that Jessica and Tiffany were abused and neglected based upon bruises on their buttocks and lower back which were the result of a severe spanking by Michael in the presence of and with the cooperation of respondent. Both respondent and Michael were arrested and charged with assault in the third degree as a result of the spanking; they each pleaded guilty to harassment. The petition further alleged that respondent left Tiffany in the care of respondent's mother and stepfather, knowing that her stepfather is a pedophile, and resulting in Tiffany being sexually abused by this man. The alleged abuse and neglect of Jamie is derivative in nature. After an evidentiary hearing, at which two caseworkers, a school nurse, a State Police Investigator, a physician, respondent and Michael testified, Family Court determined that respondent and Michael had neglected the children. Only respondent appeals.

Family Court's determination of the credibility of the witnesses is entitled to great weight (*see, Matter of James P.*, 194 AD2d 467, *lv denied* 82 NY2d 659; *Matter of Claudia C.*, 103 AD2d 845) and should not be set aside by this Court unless it is clearly unsupported by the record (*see, Matter of Nikkia C.*, 187 AD2d 581; *Matter of Scott X.*, 184 AD2d 866). With respect to the spanking, Family Court held that "[t]he facts show, by a preponderance of the evidence, that the injuries sustained by the children were of such a nature as would ordinarily not be sustained except by reason of the acts of [respondent] and Michael". Family Court found respondent's explanation regarding the children's injuries to be "incredible" (*see, Matter of Jamie J.*, 209 AD2d 896). Further, Family Court determined that respondent's lack of guardianship, evidenced by the placing of her children in close proximity to a pedophile who ultimately sexually abused one of the children, constituted neglect.

Petitioner demonstrated by overwhelming evidence that respondent's cooperation in the severe and excessive spanking inflicted by Michael, coupled with her inaction in preventing

such offensive treatment, constituted neglect (*see, Matter of Maroney v Perales*, 102 AD2d 487). Equally as compelling was the proof of respondent's knowledge of her stepfather's pedophilic propensities and, therefore, the danger to which she was exposing the children when placing them in close proximity to him; respondent's lack of guardianship eventually provided this man the opportunity to sexually abuse Tiffany, an opportunity upon which he acted (*see, Matter of Kasey C.*, 182 AD2d 1117, *lv denied* 80 NY2d 757).

We conclude that the record clearly supports Family Court's decision (*see, Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492, 499; *Matter of Tami G.*, 209 AD2d 869, 870, *lv denied* 85 NY2d 804).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.