■ In the Matter of the COMMISSIONER OF SOCIAL SERVICES, on Behalf of MICHAEL W. and Others, Children Alleged to be Abused, Respondent, v SUSAN W., Appellant. [635 NYS2d 498] —In a child protective proceeding pursuant to Family Court Act article 10, Susan W. appeals from a dispositional order of the Family Court, Kings County (Hepner, J.), dated August 13, 1991, which, upon a fact-finding order of the same court dated June 19, 1991, made after a hearing, finding, *inter alia,* that she had neglected her children, directed, among other things, that the children not be left alone in her sole care for a period of 12 months. The appeal brings up for review the fact-finding order dated June 19, 1991.

Ordered that the appeal from so much of the dispositional order as directed that the appellant not be left alone with her children for 12 months is dismissed, without costs or disbursements; and it is further,

Ordered that the dispositional order is affirmed insofar as reviewed, without costs or disbursements.

The appellant is not aggrieved by the portion of the dispositional order dated August 13, 1991, which directed that she not be left alone with the children for a 12-month period because she consented to that disposition. Furthermore, that portion of the appeal is academic since the 12-month period has expired. Therefore, the appeal from that portion of the order is dismissed *(see, Matter of Commissioner of Social Servs. of City of N. Y. [Tabitha McC.]*, 202 AD2d 502; *Matter of Cherilyn P.*, 192 AD2d 1084).

Furthermore, the finding of neglect in the June 19, 1991, fact-finding order was supported by a preponderance of the credible evidence which unequivocally demonstrated that the appellant's diagnosed mental illness and her failure to continue with her prescribed course of medical treatment placed her children at risk and in imminent danger within the meaning of Family Court Act § 1012 (f) *(see, Matter of Baby Boy E.*, 187 AD2d 512). O'Brien, J. P., Pizzuto, Santucci and Joy, JJ., concur.