■ In the Matter of ANTHONY B., a Child Alleged to be Neglected. DOREEN B., Appellant; ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [653 NYS2d 764] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum: In this proceeding pursuant to Family Court Act article 10, we conclude that the evidence at the fact-finding hearing is insufficient to support Family Court's finding that the child is neglected. A finding of neglect may be made if a child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care * * * in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]).

Respondent was serving a six-month prison sentence when she gave birth on July 23, 1995. The Erie County Department of Social Services (DSS) received a hotline report from the hospital regarding the birth, and a Child Protective Services caseworker visited respondent in the hospital shortly thereafter. Respondent informed the caseworker that she planned to place the child with her aunt. Two days after the birth, respondent was informed that her aunt was unavailable to care for the child. The caseworker asked respondent if she would voluntarily place the child in foster care. Respondent refused and suggested that the child be discharged to the care of his biological father. The caseworker informed respondent that she could

not give the child's father custody because he was not adjudicated the father. The child's father subsequently contacted the caseworker and expressed his interest in assuming custody of the child. He was told that he would have to establish paternity and that his home would have to be reviewed to ensure that he had suitable supplies and sleeping arrangements for the infant. He called the caseworker later in the day and indicated that he was "getting stuff together".

On July 28, 1995, DSS removed the child from the custody of respondent without a court order and on August 4, 1995 filed this neglect petition. Respondent denied the allegations of the petition and requested a hearing. Prior to the hearing, a paternity petition was filed by the father and an order of paternity was entered. The hearing was conducted on January 16, 1996. After the hearing, the court found that, on August 4, 1995, the child "was a child whose parent had failed to exercise a minimum degree of care and make sure that the child was taken care of". The court entered a finding of neglect. That was error.

There are no facts in the record before us indicating that the child's physical, mental or emotional condition had been impaired or was in imminent danger of becoming impaired as a result of respondent's failure to exercise a minimum degree of care (*see,* Family Ct Act § 1012 [f] [i] [B]; *cf., Matter of Kasey C.,* 182 AD2d 1117, *lv denied* 80 NY2d 757). Respondent's plan to place the child with the father was reasonable, and the court's conclusion that "that person did not exist until this Court issued the order that adjudicated the father" and that there "was no willing family member to come forward who was capable of caring for the child" is unsupported by the record. (Appeal from Order of Erie County Family Court, Dillon, J.—Neglect.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.