■ In the Matter of CHILD PROTECTIVE SERVICES, on Behalf of DARNELL Mc. and Others, Children Alleged to be Abused and Neglected, Appellant. LIONEL DUNKIRK T., Respondent. [689 NYS2d 173] —In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals, as limited by its brief, from so much of an order of the Family Court, Suffolk County (Pach, J.), entered February 13, 1998, as denied its petition to extend an order of disposition entered January 28, 1997, which, upon a fact-finding order of the same court finding that the respondent had sexually abused Darnell Mc., and derivatively neglected Tanilla T. and Charles T., *inter alia,* directed the respondent to complete a sex offender program and placed him under the supervision of the petitioner.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing in accordance herewith and for the entry of an appropriate order of disposition.

In a prior appeal in this matter we concluded that the respondent had sexually abused a four-year-old child (*see, Matter of Child Protective Servs. [Darnell Mc.],* 230 AD2d 733). On remittitur, the Family Court rendered a fact-finding and dispositional order entered January 28, 1997, which found that the respondent had committed acts on the child which constituted sodomy in the first degree and sexual abuse in the first degree, pursuant to which the petitioner was directed to supervise the respondent and to investigate and report to the court on the status of several children covered by that order.

The dispositional order also required the respondent to attend and participate in a sexual offenders treatment program. Notwithstanding the court's order, the respondent failed to complete the sexual offenders program, prompting the petitioner to seek an extension of the dispositional order. The Family Court denied the application, finding that the petitioner's intervention was counter-productive to the family unit. We reverse.

The Family Court's conclusion lacks a sound basis in the record (*see, Matter of Jaclyn P.,* 179 AD2d 646, *affd* 86 NY2d 875, *cert denied sub nom. Papa v Nassau County Dept. of Social Servs.,* 516 US 1093). Given the documented history of abuse in this case, the perceived disruptive effect on the family unit resulting from the petitioner's involvement does not negate the clear need for continued supervision. The Family Court abused its discretion in accepting without consequence the respondent's failure to complete the mandated sexual offenders treatment program (*see, Matter of Sadie K.,* 249 AD2d 640). Moreover, the Family Court improvidently relied upon the opinion of a purported expert, who demonstrated a marked unfamiliarity with the history and circumstances of this case. The extreme seriousness of the respondent's conduct, i.e., his sodomy of a four-year-old child, untreated even by attendance in a sexual offenders program, requires his ongoing supervision. The children with whom the respondent is in contact, may otherwise be at immediate risk (*see, Matter of Tiffany H.,* 216 AD2d 738). However, since it appears that the respondent has not been under the petitioner's supervision for over a year, we remit the matter for a new hearing to determine the current status of the children and for the entry of an appropriate dispositional order for the supervision of the respondent and the subject children. S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.