In the Matter of ANNDRENA A., an Infant. CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JESSE B., Appellant. [787 NYS2d 766]—

Appeal from an order of the Family Court, Cattaraugus County (Paul B. Kelly, J.H.O.), entered September 16, 2003 in a proceeding pursuant to Family Ct Act article 10. The order adjudged that the child is a neglected child and directed respondent to comply with the terms and conditions of an order of protection.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating the 15-year-old daughter of his girlfriend to be neglected and directing that respondent have no contact with the child until her 18th birthday. The adjudication of neglect is based upon the presence of respondent in the home, given that he has prior convictions involving the sexual abuse of children. In relevant part, Family Ct Act § 1012 (f) (i) (B) defines a neglected child as a child "whose physical, mental or emotional condition . . . is in imminent danger of becoming impaired as a result of the failure of his [or her] parent or other person legally responsible for his [or her] care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, . . . or by any other acts of a . . . serious nature requiring the aid of the court." The statute allows the court to adjudicate a child to be neglected based on proof of "potential harm" (*Matter of Kenneth V.* [appeal No. 2], 307 AD2d 767, 768 [2003]; *see Nicholson v Scoppetta*, 3 NY3d 357, 369 [2004]; *Matter of Christopher JJ.*, 281 AD2d 720, 721 [2001]). Petitioner bears the burden of proving such potential harm by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]; *Kenneth V.*, 307 AD2d at 768). Family Court properly found under the circumstances of this case that the child's physical, mental or emotional condition is in imminent danger of

becoming impaired (*see Matter of Mariah CC.*, 302 AD2d 799, 800-801 [2003]; *Matter of Child Protective Servs. [Darnell Mc.]*, 260 AD2d 631, 632 [1999]; *Matter of Dutchess County Dept. of Social Servs. [John S.] v Peter B.*, 224 AD2d 617, 617-618 [1996]; *Matter of Kasey C.* [appeal No. 1], 182 AD2d 1117, 1118 [1992], *lv denied* 80 NY2d 757 [1992]). Here, as in *Kasey C.*, "[t]here is ample proof to show that the [child is] at imminent risk of sexual abuse as a result of the presence of respondent . . . in the household . . . [inasmuch as t]he proof demonstrates that he is an unreconstructed sexual abuser who denies his guilt of the prior incidents for which he was convicted" (*id.*).

We have considered respondent's remaining contentions and conclude that any error in the admission of incompetent opinion evidence or hearsay statements is harmless (*see Matter of Benjamin L.*, 9 AD3d 153, 158-159 [2004]; *Matter of Lindsay N.*, 300 AD2d 216, 217 [2002], *lv denied* 99 NY2d 511 [2003]; *Matter of Michael G.*, 300 AD2d 1144, 1145 [2002]; *Matter of Sherri M.K.*, 292 AD2d 868, 869 [2002]). Present—Pigott, Jr., P.J., Green, Kehoe, Smith and Hayes, JJ.