■ In the Matter of BRIAN TT., a Child Alleged to be Neglected. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARGARET TT., Appellant. (And Another Related Proceeding.) [815 NYS2d 340]—

Crew III, J.P. Appeals from three orders of the Family Court of Schoharie County (Bartlett III, J.), entered October 21, 2003, March 8, 2004 and May 3, 2004, which, inter alia, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected.

Kathleen OO. (hereinafter the mother) is the biological mother of Brian TT. (born in 2000), the child who is the subject of these proceedings. It appears from the record that respondent, a family friend described by the mother as Brian's "grandmother by proxy," was granted legal custody of the child and that the mother, the child and respondent resided together in respondent's home. In January 2003, petitioner removed the child from respondent's home and commenced the instant neglect proceedings alleging that Brian, smelling of urine and kerosene, had been found unsupervised in an unheated room littered with cat feces and vomit. At the conclusion of the fact-finding and dispositional hearings that followed, Family Court adjudicated Brian to be a neglected child and placed him with petitioner for a period of one year. This appeal by respondent ensued.

Preliminarily, even though the underlying dispositional order has expired by its own terms, respondent's appeal remains viable as the adjudication of neglect may affect her rights and status in any subsequent proceedings (*see Matter of Karissa NN.*, 19 AD3d 766, 766 n [2005]). Turning to the merits, respondent does not contest that she is Brian's legal guardian and, hence, is a person legally responsible for his care (*see* Family Ct Act § 1012 [g]), nor does she dispute the conditions under which the child was found by petitioner's caseworkers. Rather, respondent asserts that the record as a whole fails to demonstrate that Brian was a neglected child and, in any event, that she is not chargeable with any such neglect given that the child was in the care of a babysitter on the day in question. Neither of these arguments is persuasive.

As a starting point, it cannot seriously be argued that leaving a child reeking of urine and kerosene gated and alone in an unheated room littered with cat feces and vomit fails to constitute neglect. Additionally, respondent's contention that the child was fine when she left for work that morning and that the deplorable conditions in which Brian was found must have come to pass during the roughly eight hours that elapsed between her departure and the arrival of petitioner's caseworkers is both

incredulous and directly contradicted by other evidence in the record. Respondent acknowledged that there were ongoing problems with the furnace at the residence, and one of her tenants testified that the heat had been out for two days prior to Brian's removal. This testimony, coupled with the photographic evidence depicting the filth in Brian's room, is more than sufficient to demonstrate that the conditions under which Brian was found did not, as respondent contends, constitute an isolated, one-time event. Thus, respondent's attempt to place sole responsibility for such neglect on Brian's babysitter must fail. In short, the record before us more than supports Family Court's findings of neglect and, as such, the underlying orders are affirmed.

Peters, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.