■ In the Matter of DAVID II., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TRACY II., Appellant. (And Another Related Proceeding.) [854 NYS2d 583]——

Spain, J.

Respondents are the biological mother and the maternal grandmother of David II. (born in 1991). During the relevant time period, respondent Tracy II. (hereinafter the mother), respondent Carol II. (hereinafter the grandmother) and the child

resided together in Columbia County. In December 2005, the child was temporarily removed from the home and placed in foster care (*see* Family Ct Act § 1022). Thereafter, petitioner commenced these two proceedings alleging that respondents neglected the child based on, among other things, the following: (1) the mother permitted the child to attend school in an unclean, disheveled manner with his clothing emanating a foul odor on a daily basis; (2) the grandmother berated and humiliated the child during a meeting at school with his guidance counselor; and (3) the mother failed to intervene on the child's behalf during that school episode. Following a fact-finding hearing, Family Court found that the mother was responsible for the child's poor hygiene and the foul odor of his clothes and, despite the problem being repeatedly brought to her attention, she neglected to adequately address it causing harm and potential harm to the child. The court further found that the grandmother's conduct at the school meeting and the mother's failure to intervene on behalf of the child were each neglectful acts. The child was adjudicated to have been neglected by respondents and placed in petitioner's custody—in foster care—for a period of one year.* Respondents now appeal.

"[A] party seeking to establish neglect must show, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see* Family Ct Act § 1012 [f] [i]; *Matter of Daniel GG.*, 17 AD3d 722, 722-723 [2005]). Furthermore, "[a] child can be declared to be neglected as a result of the failure of the parent to act when the parent knew or should have known of circumstances which required action in order to avoid actual or potential impairment of the child" (*Matter of Alaina E.*, 33 AD3d 1084, 1086 [2006]).

Here, one of the child's teachers testified that he emanated a "very bad odor on a fairly regular basis," which was "strong and foul of urine" and that he often wore the same clothing to school for an extended length of time. The teacher further stated

---

* We find unacceptable the long delays in making and entering key orders in this case. For example, although this proceeding was completed with fact finding and disposition in June 2006, no order was made and entered until January 2007, when more than six months had elapsed into the child's 12-month placement.

that the odor was so pronounced that she could sometimes smell the child before he even entered the classroom, and that her colleagues felt constrained to open windows while the child was in their presence. Likewise, the child's guidance counselor testified that he had at least seven or eight discussions with the mother about the problem over the two-year period leading up to the petition and that he detected a "strong cat urine odor" on a number of occasions and explained that it was difficult to engage in a conversation with the child due to the "very strong" and unpleasant smell. Moreover, another teacher observed that the child frequently arrived at school in an unbathed, disheveled condition, wore unclean clothes and exhibited a pervasive urine smell when he entered a classroom.

The foul odor of his clothing was confirmed in the testimony of a child protective worker. The record also reflects that the child's personal hygiene deficiencies were interfering with his ability to maintain friendships, as his peers would ridicule him and move their desks far away from his to avoid the putrid smell. The child—15 years old at the time—testified as a sworn witness that he was aware of the odor, that there were unsanitary conditions at home and at a farm where he was expected to clean his grandmother's numerous cat cages, and that he was embarrassed by his odor. Based on the foregoing, the mother's failure to exercise the requisite minimum degree of care with respect to the conditions at home and to the child's personal hygiene—despite her awareness of the problem and the warnings and concerns communicated to her by school officials—amply supports Family Court's finding of neglect (see Matter of Alaina E., 33 AD3d at 1086; see e.g. Matter of Brian TT., 29 AD3d 1228, 1229 [2006]; Matter of Tammie Z., 105 AD2d 463, 464 [1984], affd 66 NY2d 1 [1985]).

On our review of the record we conclude, however, that the incident at school during the meeting with the guidance counselor did not rise to the level of neglect by either respondent. The guidance counselor testified that he arranged a meeting in early November 2005 at which the mother was asked to attend and at which the grandmother was also present. The child had reported that he had bitten into an apple on Halloween night and had cut his mouth on a razor blade. After respondents told the guidance counselor that they did not think the child's story was true, the child was called to the guidance counselor's office where the grandmother challenged him and asked him to open his mouth. When he refused, she accused him of lying and grabbed his chin and tried to force him to open his mouth. She backed off and he never opened his mouth so as to prove to

them that he had been cut by a razor blade. The grandmother then accused him of lying "about everything" and threatened to take him to the police station for a lie detector test. The child testified that all he could remember was that his grandmother yelled at him and "grabbed my chin." Notably, Family Court—as its basis for its finding of neglect—merely found that the grandmother's conduct was "inappropriate." Inasmuch as the proof regarding this event does not support an act of neglect by respondents, we cannot accept the court's findings. This incident was no more than a misguided attempt by the grandmother to get the child to own up to an apparent lie and discourage his storytelling, a habit recognized by the court in its findings. As this is the only finding of neglect against the grandmother, the petition as to her must be dismissed.

Mercure, J.P., Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the order is modified, without costs, by reversing so much thereof as granted petitioner's application with respect to respondent Carol II.; said petition dismissed; and, as so modified, affirmed.