■ In the Matter of NAQI T. and Another, Children Alleged to be Neglected. MARLENA S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents. SHAKA T. et al., Nonparty Respondents. [10 NYS3d 240]—

Orders, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about January 23, 2014, which, upon a fact-finding determination that respondent mother neglected the subject children, granted custody of the children to their respective fathers, unanimously affirmed, without costs.

The finding of neglect is supported by a preponderance of the evidence, which demonstrates that respondent's alcohol abuse impaired the children's physical, mental or emotional condition or placed the children at imminent risk of impairment (see Matter of Nasiim W. [Keala M.], 88 AD3d 452 [1st Dept 2011]; Family Court Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). The children

wore tattered, dirty clothing and gave off an odor; Naqi's classmates refused to sit near him (*see Matter of China C. [Alexis C.]*, 116 AD3d 953, 954 [2d Dept 2014], *lv dismissed* 23 NY3d 1047 [2014]; *Matter of David II.*, 49 AD3d 1093 [3rd Dept 2008]). Naqi, who is autistic and attends a small, specialized class, also missed an excessive number of days of school to his detriment (*see Matter of Jaquan F. [Alexis F.]*, 120 AD3d 1113 [1st Dept 2014]).

The record establishes that it is in the best interests of the children to be in the custody of their respective fathers (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). While continuing to live with siblings is often in a child's best interest, this is "not an absolute" (*id.* at 173); both fathers have expressed a willingness to ensure that each sibling enjoys frequent contact with the other (*see Matter of Shayna R.*, 57 AD3d 262, 263 [1st Dept 2008]). Concur—Tom, J.P., Sweeny, Moskowitz, DeGrasse and Richter, JJ.