■ In the Matter of TAMI G. and Another, Children Alleged to be Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARK G., Appellant. [619 NYS2d 222] — Cardona, P. J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered December 27, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected.

On September 24, 1990 respondent and his wife, Diane G., engaged in acts of physical violence in front of their children

---

* We note that the maternal grandparents did not file a timely brief on appeal.

such that seven-year-old Tami G. felt it necessary to intervene to protect her mother. Respondent appeals a finding of neglect based upon this incident contending that the proof was insufficient.* Respondent, who did not testify or call witnesses, relies upon his wife's version of the events in question as the established facts. However, in light of her many contradictory statements and her admitted lying to the police and courts, Family Court found her testimony to be "highly incredible".

We find ample basis within the record to sustain Family Court's decision *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499). The court had the advantage of viewing the witnesses and weighing their credibility and its determination is entitled to due deference *(see, Matter of Michelle S.,* 195 AD2d 721; *see also, Matter of Claudia C.,* 103 AD2d 845). Respondent's failure to testify entitles the fact finder to draw strong inferences against him as may be supported by other evidence in the record *(see, Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137, 141).

Respondent engaged in a violent altercation with his wife without consideration of the presence of Tami and Angelina G. (age 19 months). Respondent exhibited a loss of control jeopardizing his family. There was no attempt by respondent to insulate his children from the acts he was perpetrating on his wife. Tami, who became involved in the fray, was in the immediate proximity of respondent's acts of violence and unreasonably placed in imminent and substantial risk of physical impairment. There is no necessity to have proof of actual injuries in order to make a finding of neglect. The facts found by Family Court established neglect as defined by Family Court Act § 1012 (f) (i) (B) *(see, Matter of Maroney v Perales,* 102 AD2d 487, 489; *see also, Matter of Coleen P.,* 148 AD2d 782; *cf., Matter of Bryan L.,* 149 Misc 2d 899, 904).

White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

* Diane G. was subject to a companion neglect petition and acknowledged her responsibility in the neglect of her children.