■ In the Matter of JOANNE FRIEDLANDER, Respondent, v BLAINE FRIEDLANDER, Appellant. (And Another Related Proceeding.) [666 NYS2d 257] —Yesawich Jr., J. Appeals (1) from

---

an order of the Family Court of Tompkins County (Sherman, J.), entered April 17, 1996, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' minor children, and (2) from an order of said court, entered September 18, 1996, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent[1] to pay child support.

Married in 1989, the parties have two sons, born in 1992 and 1994. On October 14, 1995, petitioner left the marital residence with the children, and several days later she filed a family offense petition recounting four episodes in which respondent had allegedly been violent toward her. The same day, petitioner was granted a six-month temporary order of protection and temporary custody of the children. Respondent was served with the petition and temporary order the next day. The issue of custody, which was subsequently raised by both parties in separate petitions, was later joined with the family offense issues for resolution in a single proceeding.

A hearing was held in March 1996, after which Family Court denied respondent's motions seeking, among other things, dismissal of the petitions for lack of jurisdiction, and found that respondent had committed a family offense by engaging in conduct that would have constituted harassment in the second degree. On the basis of this and other factual findings, the court awarded sole custody of the children to petitioner and visitation to respondent. Respondent appeals from this order.

Previously, in November 1995, the Department of Social Services, on behalf of petitioner, sought child support from respondent. At the initial appearance on that petition, the Hearing Examiner treated respondent's written request for an adjournment as a waiver of his right to personally appear, entered a temporary order of support payable to the Department, and set the matter down for a fact-finding hearing. On April 8, 1996, during the course of that hearing, it was disclosed that the parties' children were no longer receiving public assistance; accordingly, at the close of the hearing, the Hearing Examiner directed respondent to pay 25% of his base income, amounting to $406.37 biweekly, for child support, from October 16, 1995 through February 29, 1996 (the period during which the children had been receiving benefits), and entered an order to that effect.

Finding the evidence insufficient to permit an accurate as-

---

1. Although not delineated as such on the initial petitions filed, it appears that respondent's appropriate name is Blaine P. Friedlander, Jr.

sessment of petitioner's resources and the children's needs after March 1, 1996, however, the Hearing Examiner granted petitioner leave to file her own child support petition by April 12, 1996, and ordered that the temporary order remain in force provided a new petition was filed by that deadline. Petitioner filed her own application on that date, and after a further fact-finding hearing was awarded support retroactive to March 1, 1996 at the same rate of $406.37 biweekly. Both parties' objections to the decision and order were denied by Family Court, and respondent appeals.

We reject respondent's various jurisdictional arguments. Where, as here, no matrimonial action has been commenced in Supreme Court, Family Court has independent jurisdiction to resolve issues of custody and support when petitioned to do so (*see*, Family Ct Act §§ 411, 651 [b]; *Matter of Roy v Roy*, 109 AD2d 150, 152). Nor did Family Court exceed its authority by granting petitioner a temporary order of protection upon the filing of her family offense petition (*see*, Family Ct Act § 821-a [2] [b]; § 828 [1] [a]).[2]

Respondent, appearing *pro se*, also contends that Family Court had no jurisdiction to award petitioner child support because, as he sees it, when the children ceased receiving public assistance the Department's support petition was "withdrawn", and Family Court, having been thereby divested of jurisdiction over that petition, should have dismissed it and immediately terminated the temporary order and concomitant attachment of respondent's salary. Moreover, because of his adversaries' failure to promptly notify the court of the "withdrawal" of the petition on February 29, 1996, respondent asserts, they are estopped from subsequently seeking support.

The cessation of benefit payments neither necessitated nor prompted the withdrawal of the Department's petition; it merely eliminated that party's interest in any support due petitioner after that date. Consequently, Family Court was not required to dismiss the petition and appropriately resolved the matters raised therein by awarding support for the period prior to March 1, 1996, and conditionally extending the temporary order from that date forward, pending resolution of petitioner's own request for child support. As for respondent's contention that Family Court lacked jurisdiction to consider that applica-

---

**2.** In any event, respondent's challenge to the propriety of that temporary order has been rendered moot by its expiration in April 1996 (*see*, *Matter of Betancourt v Boughton*, 204 AD2d 804, 810). Insofar as his argument can be interpreted as urging reversal of the final custody order for lack of personal jurisdiction, it is unfounded.

tion because the children were no longer on public assistance and no matrimonial decree had been issued, it is enough merely to note that respondent has an obligation to support his children "according to [their] needs and [his] means to provide" (*Matter of Kilcher v Knoll*, 112 AD2d 670, 671, *lv denied* 66 NY2d 604; *see*, Family Ct Act § 413 [1] [a]), even if they are not impoverished; moreover, Family Court Act § 422 (a) expressly allows "[a] parent or guardian, of a child * * * [to] file a [support] petition in [*sic*] behalf of a dependent relative".

A review of the record reveals no grounds for disturbing Family Court's substantive holdings. Regarding respondent's claim that the court improperly disregarded his defense of justification with respect to an incident wherein he grabbed and physically harmed petitioner, it is apparent from Family Court's decision that it considered this defense, and respondent's testimony in support thereof, but was simply unconvinced of the reasonableness or necessity of using the amount of force he did. We find no basis to disturb these credibility determinations (*see*, *Matter of Kappel v Kappel*, 234 AD2d 872, 873; *Matter of Karcher v Byrnes*, 232 AD2d 760, 761). Given its rejection of respondent's justification defense, Family Court did not err in concluding that he acted with the requisite intent to "harass, annoy or alarm" petitioner (Penal Law § 240.26; *cf.*, *Matter of Christina LL.*, 233 AD2d 705, 709, *lv denied* 89 NY2d 812).

Respondent's remaining contentions, including his insistence that he was denied his right to due process, have been considered and found wanting.

Cardona, P. J., Mikoll, Casey and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.