■ In the Matter of KATIE R. and Another, Children Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TAMMY R., Respondent; EDWIN R., Appellant. [673 NYS2d 792] —Mikoll, J. P. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered June 6, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' children to be neglected.

Respondents are the parents of two children, Katie R. (born in 1994) and Edwin R. (born in 1995). Both respondents have disabilities, receive SSI (the father is hearing impaired while the mother is mentally deficient) and received services from petitioner prior to the instant proceeding. The mother's foster care preventive caseworker (in place pursuant to a previous finding of neglect against the mother regarding another child)

serves as her representative payee. In September 1995, petitioner filed individual neglect petitions against respondents, originally only as to Katie but subsequently amended to add derivative allegations of neglect as to Edwin.

Following a fact-finding hearing, Family Court entered a finding of neglect as to Katie and a derivative finding of neglect as to Edwin, concluding that a preponderance of the evidence established that the children were placed in imminent danger of impairment as a result of respondents' failure to exercise a minimum degree of care in their supervision and guardianship. Following a dispositional hearing in March 1996, the children were placed under petitioner's supervision for a period of 12 months and respondents were directed to participate in supervised services and counseling sessions. Only the father (hereinafter referred to as respondent) appeals.

A neglected child is one whose "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" as a result of the caretaker's failure "to exercise a minimum degree of care * * * in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]). Actual injury or impairment need not be found, as long as a preponderance of the evidence establishes that the child is in "imminent danger" of either injury or impairment (*Matter of Maroney v Perales*, 102 AD2d 487, 489; *see, Matter of Christina LL.*, 233 AD2d 705, 708-709, *lv denied* 89 NY2d 812; *Matter of Billy Jean II.*, 226 AD2d 767, 769). Our review of the record satisfies us that the findings and conclusion of Family Court are supported by legally sufficient evidence. The court was presented with substantial credibility issues, the resolution of which it specifically articulated on the record and to which we accord great deference (*see, Matter of Kim HH.*, 239 AD2d 717; *Matter of Allyn WW.*, 235 AD2d 837; *Matter of Tami G.*, 209 AD2d 869, 870, *lv denied* 85 NY2d 804; *see also, Matter of Sarah PP.*, 213 AD2d 749).

The evidence at the hearing established that respondent and his family moved at least eight times during a 14-month period. We find that this was not conducive to the creation of a stable, safe environment. Petitioner's witnesses also testified that the excessive number of moves inhibited the rendition of necessary services to the family, including homemaker and public health nurse visits which services were particularly critical in view of the parents' limitations, and hampered petitioner's efforts to ensure appropriate spending and the provision of necessities. One caseworker testified that on several occasions the family lacked sufficient food.

Additional evidence also supports Family Court's findings. This included admissions by both parents and extensive testimony, which revealed a tumultuous, chaotic relationship between the parents with numerous episodes of domestic violence, both physical and verbal, necessitating police involvement on at least four instances. Furthermore, on two occasions respondent placed the children at risk by operating a motor vehicle in a reckless and unsafe manner while the children were passengers. Respondent's caseworker testified that she observed unsanitary living conditions in the home, including animal feces and excessive garbage.

As urged by petitioner and the Law Guardian, and found by Family Court, a finding of neglect is justified based on the foregoing evidence that the children were in imminent danger of harm or impairment (*see, Matter of Alfredo HH.*, 84 AD2d 860). We likewise find no error in the court's finding of derivative neglect as to Edwin based upon the finding as to Katie (*see,* Family Ct Act § 1046 [a] [i], [ii]; *Matter of Nathan PP.*, 246 AD2d 835, *lv denied* 91 NY2d 813; *Matter of Jennifer Q.*, 235 AD2d 827, 828).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.