■ In the Matter of JOHNNIE S., a Child Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES, Respondent; JOHNNIE S., Appellant. [708 NYS2d 313] —In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Kings County (Adams, J.), dated March 10, 1998, which, upon a fact-finding order of the Family Court, Bronx County (Martinez, J.), dated May 27, 1997, made after a hearing, finding, *inter alia,* that his child Johnnie S. had been derivatively neglected, based upon the abuse by the appellant and Carmen S. of their child Jose S., placed the child Johnnie S. in the custody of the Commissioner of the Administration for Children's Services for a period of up to 12 months. The appeal brings up for review the fact-finding order.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant, Johnnie S., contends that he was not a "person legally responsible" within the meaning of Family Court Act § 1012 (g) for the care of the abused infant, Jose S. Therefore, he claims, he cannot be found to have neglected his child, who is also named Johnnie S. The appellant's contention is unpreserved for appellate review. In any event, although the appellant was not the biological father of Jose S., he was the husband of the mother of Jose S. and Johnnie S., he resided in the household at all relevant times, and was involved in the care of Jose S. Thus, the appellant was a "legally responsible" person under Family Court Act article 10 (see, Matter of Shevonne S., 188 AD2d 528, 529; Matter of Faith AA., 139 AD2d 22, 24).

Under the circumstances of this case, the appellant's abuse of Jose S. was sufficient to warrant a derivative finding of neglect with respect to Johnnie S. (see, Family Ct Act § 1046 [a] [i]; Matter of Child Welfare Admin. [Tia C.] v Marsha C., 225 AD2d 766; Matter of Amanda LL., 195 AD2d 708; Matter of Ely P., 167 AD2d 473). Joy, J. P., Florio, H. Miller and Smith, JJ., concur.