■ In the Matter of CATHERINE KK., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTOPHER KK., Appellant. [720 NYS2d 238] —Spain, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered August 23, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be neglected.

Respondent and Maureen KK. (hereinafter the mother) are the parents of a daughter (born in 1994). The parents separated in 1995, were divorced and granted joint custody of the child in 1997. The animosity between the parents escalated to a point in January 1998 where Family Court—faced with a violation of visitation petition filed by the mother against respondent— temporarily suspended respondent's visitation and ordered the Law Guardian to prepare an order pursuant to Family Court Act § 1034 (1) directing that petitioner conduct a child protective investigation to determine whether a neglect petition should be filed against respondent. It appears that a section 1034 order was not signed at that time.

After the parents filed additional petitions and cross petitions and after a hearing, Family Court—in June 1998— ordered, inter alia, that full custody be granted to the mother

with visitation to respondent, according to a specific schedule. Included in that decision and order—which has not been appealed by either parent or the Law Guardian—is a provision that neither parent denigrate the other in the presence of the child. Family Court also made specific findings that respondent violated the 1997 custody/visitation order on a number of occasions by preventing the mother's designee from picking up the child from respondent's residence. The court determined that "[d]uring a great number of the dates on which [the mother] personally picked up [the child], respondent was verbally abusive to her, most often in the presence of the child. He often did so using vulgar language. He also harassed her, again in the presence of the child, by throwing the child's book bag at her, and by spitting at her."

Thereafter, in early 1999, Family Court ordered an investigation pursuant to Family Court Act § 1034 and, in March 1999, petitioner commenced this Family Court Act article 10 proceeding seeking an adjudication that respondent had neglected his daughter who—at that time—was five years of age. Following a fact-finding hearing at which, among others, both parents testified, Family Court sustained the petition and adjudicated the child to have been neglected by respondent. At the conclusion of the dispositional hearing, the court, *inter alia*, ordered that respondent be placed under petitioner's supervision until May 3, 2000 and that he comply with various terms and conditions including continued counseling and supervised visitation. The court also issued an order of protection against respondent. Respondent appeals the finding of neglect, contending that the proof was insufficient.*

We affirm. A finding of neglect is warranted where it has been shown that the child's

"physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent * * * to exercise [the] minimum degree of care * * *

"in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment; or by misusing a drug or drugs; or by misusing alcoholic beverages * * *; or *by any other acts of a similarly serious nature requiring the aid of the court*" (Family Ct Act § 1012 [f] [i] [B] [emphasis supplied]).

---

* We note that although the dispositional order has expired, the adjudication of neglect remains subject to judicial review inasmuch as a finding of neglect constitutes a permanent and significant stigma from which potential consequences may flow (*see, Matter of Ronnie XX.*, 273 AD2d 491).

"The appropriate inquiry is whether the behavior constitutes conduct toward the child 'requiring the aid of the court' " (*Matter of Zariyasta*, 158 AD2d 45, 48, quoting Family Ct Act § 1012 [f] [i] [B]). "Actual injury or impairment need not be found, as long as a preponderance of the evidence establishes that the child is in 'imminent danger' of either injury or impairment [citations omitted]" (*Matter of Katie R.*, 251 AD2d 698, 699, *lv denied* 92 NY2d 809; *see, Matter of Billy Jean II.*, 226 AD2d 767, 770; *Matter of Tami G.*, 209 AD2d 869, 870, *lv denied* 85 NY2d 804).

We are unpersuaded by respondent's assertion that petitioner failed to establish his neglect of the child by a preponderance of the evidence. At the beginning of the hearing and without objection, Family Court took judicial notice of its previous findings and orders in all of the Family Court custody and visitation proceedings which occurred subsequent to the parents' divorce, including its decision and order of June 1998. The record amply supports the conclusion that the child was, at the very least, in imminent danger of becoming impaired as a result of respondent's failure to exercise a minimum degree of care by behavior serious enough to require the aid of the court (*see, Matter of Katie R., supra*, at 700; *Matter of Christina LL.*, 233 AD2d 705, 708, *lv denied* 89 NY2d 812).

Petitioner's caseworker who interviewed the child indicated that the child was troubled by the acrimonious nature of her parents' relationship. While a number of Family Court's findings were based upon out-of-court statements made by the child to the caseworker, not all of the child's statements were sufficiently corroborated in the record (*see,* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 118; *Matter of Jessica Y.*, 206 AD2d 598, 599). However, the record does support petitioner's allegations with respect to respondent's numerous acts of misconduct during the exchange of the child between respondent and the mother for visitation, some of which occurred after the court warned respondent in 1998 about the neglectful nature of his behavior. Specifically, the child related to the caseworker an incident which occurred when her mother arrived to pick her up from visitation at respondent's home. Apparently, respondent went to the door with the child and when he saw the mother step onto his lawn he threatened that if she did not get off his property he would call the police. At the same time respondent held the child by her backpack, thus restraining her from going to her mother. When the mother approached respondent's house to retrieve the child, respondent or his wife began taking flash photographs

of the mother and the child which he apparently intended to use as evidence when he attempted to have the mother arrested for trespass, although there was no court order preventing the mother from coming on respondent's property to pick up the child. In addition, the child related to the caseworker that she had heard respondent use profanity and derogatory language when speaking to the mother during visitation exchanges. Each of these incidents as reported by the child are corroborated in the record.

Respondent also pleaded guilty to assaulting the child's 75-year-old great aunt—while he was holding the child—during a 1995 incident involving the exchange of the child. Notably, respondent's own psychologist testified that based upon information provided to her by respondent, in her opinion the visitation exchanges "sounded to be very stressful" for the child. She also testified that she tried to dissuade respondent's practice of taping telephone conversations between him and the child, as well as photographing and videotaping the visitation exchanges.

Under the totality of these circumstances, and according Family Court's determination great weight (*see, Matter of Katie R.*, 251 AD2d 698, 699, *supra; Matter of Kathleen OO.*, 232 AD2d 784, 785), we conclude that a preponderance of the evidence supports a finding of neglect (*see, Matter of Katie R.*, *supra*, at 699; *Matter of Christina LL.*, *supra*, at 708). Respondent, by his behavior, has neglected the child by directly involving her in his tumultuous relationship with and harassment of the mother without regard for the child's emotional well-being.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.