■ In the Matter of CALEB L., a Child Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANI L., Appellant, et al., Respondent. [732 NYS2d 112] —Rose, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered January 24, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Caleb L. to be a neglected child.

Petitioner commenced this proceeding alleging that respondent Dani L. (hereinafter respondent), who resides in Connecticut, neglected her son Caleb L., who resides in New York with his father, by, *inter alia*, emotionally abusing Caleb during telephone conversations with him. Following a fact-finding hearing and a *Lincoln* hearing, Family Court found that respondent had neglected her child and, by dispositional order, placed the child in the custody of his father, granted respondent reasonable telephone contact and supervised biweekly visitation, and directed respondent to resume taking prescribed medication. Respondent appeals.

As relevant here, a neglected child is legislatively defined as one whose mental or emotional condition has been, or is in imminent danger of becoming, impaired as a result of his or her parent's failure to exercise a minimum degree of care by any act of a serious nature (see, Family Ct Act § 1012 [f] [i] [B]). "The appropriate inquiry is whether the [parent's] behavior constitutes conduct toward the child 'requiring the aid of the court' " (*Matter of Zariyasta S.*, 158 AD2d 45, 48, quoting Family Ct Act § 1012 [f] [i] [B]).

At the hearing, Family Court heard the caseworker describe her investigation of the child's complaints of being emotionally upset during conversations with respondent, the testimony of the child's father concerning numerous occasions when respondent applied severe emotional pressure to the child to effect a

---

* Respondent has appealed from Family Court's order terminating her parental rights.

change in custody, and audiotape recordings of two telephone conversations during which respondent screamed, taunted and threatened this seven-year-old boy for not denouncing his father and agreeing to leave him to live with her. The child whimpered and cried, and was obviously emotionally distraught during respondent's recorded tirades. Based on the tape recordings and the testimony, and according great weight and deference to Family Court's determination (*see, Matter of Chantel ZZ.*, 279 AD2d 669, 672; *Matter of Kathleen OO.*, 232 AD2d 784, 785), we find that the record amply supports Family Court's conclusion that the child was, at the very least, in imminent danger of becoming emotionally impaired as a result of respondent's failure to exercise a minimum degree of care by behavior serious enough to require the aid of the court (*see, Matter of Katie R.*, 251 AD2d 698, 700, *lv denied* 92 NY2d 809; *Matter of Christina LL.*, 233 AD2d 705, 708, *lv denied* 89 NY2d 812).

We also find no merit in respondent's contention that Family Court's dispositional order requiring her to take the medications prescribed by her treating physician or psychiatrist for her psychiatric disorders violated her constitutional right to refuse to do so. Here, unlike in *Rivers v Katz* (67 NY2d 485), the court did not order the forcible administration of medication or do so without affording respondent due process. Rather, Family Court appropriately made continuation of respondent's prescribed medication a component of its visitation order rather than a prerequisite thereto (*see, Matter of Caccavale v Brown*, 271 AD2d 717, 719).

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.