■ In the Matter of TIANA R., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; WALTER M., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of TABITHA R., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; WALTER M., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of DEVONTE M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; WALTER M., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of GEORGE W., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; WALTER M., Appellant, et al., Respondent. (Proceeding No. 4.) [763 NYS2d 767] —In four related neglect proceedings pursuant to Family Court Act article 10, Walter M. appeals from (1) stated portions of four orders of disposition (one as to each child) of the Family Court, Kings County (Staton, J.), all dated September 19, 2000, made after a fact-finding hearing, which, upon a finding that he had neglected the subject children, inter alia, directed him to complete parenting skills and anger management classes, (2) two orders of protection of the same court, both dated September 19, 2000, in favor of Charlene R. and the children Devonte M. and George W., and Charlene R. and the children Tiana R. and Tabitha R., respectively.

Ordered that the appeal from the order of protection in favor of Charlene R., Devonte M., and George W., is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of protection in favor of Charlene R., Tiana R., and Tabitha R. is affirmed, without costs or disbursements; and it is further,

Ordered that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.

The appeal from the order of protection in favor of Charlene R., Devonte M., and George W. must be dismissed as academic because it expired by its own terms (*see Matter of Octavia S.,* 255 AD2d 316 [1998]).

Contrary to the appellant's contention, the evidence supports the Family Court's finding that he neglected the subject children by engaging in acts of violence in their presence, thereby creating an imminent danger that their physical, mental, and emotional health would be harmed (*see Matter of Carlos M.,* 293 AD2d 617, 619 [2002]; *Matter of Catherine KK.,* 280 AD2d 732, 735 [2001]; *Matter of Cybill V.,* 279 AD2d 582 [2001]; *Matter of Tami G.,* 209 AD2d 869, 870 [1994]).

The appellant's remaining contentions are without merit. Smith, J.P., Krausman, Luciano and Crane, JJ., concur.