■ In the Matter of SENATOR NN., a Child Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONNA NN., Appellant, et al., Respondents. [783 NYS2d 105]—

Spain, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered October 29, 2003, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

On March 4, 2003, petitioner removed the child of respondent Donna NN. (hereinafter respondent) from her home without a court order pursuant to Family Ct Act § 1024 on the ground that respondent's behavior and mental state placed the child (born in 1999) in imminent danger. Respondent was transported to a local hospital for a mental health evaluation pursuant to Mental Hygiene Law § 9.41 and was later admitted. On March 6, 2003, petitioner filed a neglect petition against respondent. Also named in the petition were the child's father and the maternal grandparents, each of whom was charged with failing to intervene on behalf of the child despite their awareness of respondent's neglectful behavior.*

After a fact-finding hearing on the neglect petition, Family Court determined that, on the day in question, respondent had neglected the child having "failed to provide proper and adequate supervision to the child[,] . . . failed to control herself adequately in order to care for said child, and . . . that the physical, mental and emotional condition of the child was in danger of being impaired." At the conclusion of the subsequent dispositional hearing, the court ordered that the child be placed in the father's custody and that respondent have no contact with the child except under petitioner's supervision. Respondent appeals, solely contending that the findings of fact, even taken together, do not sufficiently establish that the child was neglected within the meaning Family Ct Act article 10.

---

* The grandparents, who intentionally defaulted, were found to have neglected the child and have not appealed. Family Court ultimately dismissed the neglect petition as against the father based upon petitioner's failure to prove a prima facie case of neglect against him.

We affirm. A finding of neglect is warranted where it has been shown that the child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent or other person legally responsible for [the child's] care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]). According "great deference to [Family Court's] factual findings, which will only be disturbed if they lack a sound and substantial basis in the record" (*Matter of Nicole VV.*, 296 AD2d 608, 611 [2002], *lv denied* 98 NY2d 616 [2002]; *see Matter of Russo v Russo*, 257 AD2d 926, 927 [1999]; *Matter of Alice A. v Joshua B.*, 232 AD2d 777, 779 [1996]), we conclude that the court's finding of neglect is amply supported by the record evidence.

In determining that respondent neglected the child, Family Court considered two reports of suspected child abuse filed against respondent on March 4, 2003 as a result of phone calls she placed to Patricia Auer, the Director of Warren County Public Health Department, and to Patricia Howard, the coordinator of psychological services at the Prospect Child and Family Center in Warren County. Testimony by Auer and Howard demonstrated that, during these calls, respondent was very agitated and threatening while ranting loudly and incoherently about what she perceived to be the mistreatment of the child by numerous agencies and individuals, including her sister. Auer testified that, while respondent was screaming unintelligibly at her over the phone, respondent failed to verbally acknowledge or comfort the child, who could be heard whining in the background. Both witnesses, concerned about the 3½-year-old child's safety, separately reported the phone calls to the New York State Central Register.

Family Court also relied upon evidence of respondent's behavior later that day when—prompted by the reports to the Central Register—Child Protective Services workers Darcy Sutherland and Carol Trombly, along with a State Trooper, visited respondent's home where they found her alone with the child. They interviewed respondent for over an hour to ascertain her state of mind and to ensure that the child would be safe under her care. Sutherland repeatedly attempted to discuss a safety plan for the child with respondent, but respondent was unable to focus on anything other than the alleged "medical malpractice" that she claims ruined her son's ears. She yelled, pounded her fist, and almost had to be restrained on two differ-

ent occasions during the interview. The child was in the next room with Trombly, who could hear respondent's screams and boisterous behavior. Notably, reports from doctors who examined the child's ears reflect no current problems with his ears. Respondent was later diagnosed as suffering from bipolar disorder and mixed personality disorder with antisocial and possible schizotypal features. In addition, the record demonstrates that respondent's unfounded obsession regarding the child's ears had affected the child as well, in that he adopted her apparent delusional belief.

The record amply reflects that when respondent was in a volatile mental state, fueled by her mental illness and obsession over the child's ears, she was unable to adequately provide proper supervision and care for her child. Petitioner demonstrated that respondent's mental illness and her inability to control her emotional state in the presence of the child created a genuine threat to his physical, mental and emotional well-being. Considering the totality of the circumstances presented (see *Matter of Catherine KK.*, 280 AD2d 732, 735 [2001]; *Matter of Katie R.*, 251 AD2d 698, 699 [1998], *lv denied* 92 NY2d 809 [1998]; *Matter of Kathleen OO.*, 232 AD2d 784, 785 [1996]), we conclude that the testimony and other relevant evidence support the finding of neglect.

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.