■ In the Matter of ANDREW Y. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TERRY L.Y., Appellant. (Proceeding No. 1.) In the Matter of TORI P. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TERRY L.Y., Appellant. (Proceeding No. 2.) [844 NYS2d 408]—

In two related child protective proceedings pursuant to Family Court Act article 10, Terry L.Y., appeals from (1) an order of fact-finding and disposition of the Family Court, Dutchess County (Forman, J.), entered April 20, 2006, which, after fact-finding and dispositional hearings, found that he had neglected the subject children and, inter alia, placed him under the supervision of the Dutchess County Department of Social Services for a period of up to 12 months, effective March 17, 2006, and (2) an order of protection of the same court entered April 20, 2006, which, among other things, directed him to stay away from the children, to remain in effect until July 13, 2020, with respect to the child Andrew Y., and until November 10, 2018, with respect to the child Tori P.

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the appellant under the supervision of the Dutchess County Department of Social Services for a period of up to 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order of protection is modified, on the law, by deleting the provisions thereof directing that the order of protection remain in effect until July 13, 2020, with respect to the child Andrew Y., and until November 10, 2018, with respect to the child Tori P., and substituting therefor a provision directing that the order of protection remain in effect through March 16, 2007; as so modified, the order of protection is affirmed, without costs or disbursements.

The dispositional portion of the order of fact-finding and disposition which is the subject of this appeal has expired by its own terms. Therefore, the appeal from so much of that order as placed the appellant under the supervision of the Dutchess County Department of Social Services for a period of up to 12 months must be dismissed (*see Matter of Alan B.*, 267 AD2d 306 [1999]).

Review of the finding of neglect, however, is not academic since a finding of neglect constitutes a "permanent and significant stigma," and potential future consequences may flow from it (*Matter of Commissioner of Social Servs. v Kim G.*, 240 AD2d 664, 665 [1997]; *see Matter of Alan B.*, 267 AD2d 306 [1999]). The appellant is the biological father of Andrew Y., and although he was not the biological father of Tori. P., he was a "person legally responsible" for her under Family Court Act article 10 (*see* Family Ct Act § 1012 [g]; *Matter of Johnnie S.*, 272 AD2d 472 [2000]). The evidence supports the determination of the Family Court that the appellant neglected both Andrew Y. and Tori P. in that he committed an act of domestic violence against Andrew Y.'s mother in their presence, and placed them at a substantial risk of harm (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Richard T.*, 12 AD3d 986 [2004]; *Matter of Tiana R.*, 307 AD2d 1040, 1041 [2003]; *Matter of Zachery M.*, 306 AD2d 348 [2003]; *Matter of Tami G.*, 209 AD2d 869 [1994]).

The appellant is correct that, under the plain language of Family Court Act § 1056 (1) and (4), it is only where the person is not a relative, "by blood or marriage," and is not a member of the child's household at the time of the disposition that the duration of an order of protection may extend to the child's 18th birthday (*see Matter of Collin H.*, 28 AD3d 806, 809-810 [2006]). Since the appellant is Andrew Y.'s biological father, and is related to Tori P. by marriage, the court was not authorized to extend the order of protection beyond the duration of the order of fact-finding and disposition, about 11 months in this case

(*see* Family Ct Act § 1056 [1]; *Matter of Sheena D.*, 8 NY3d 136 [2007]; *Matter of Candace S.*, 38 AD3d 786, 788 [2007]). Spolzino, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.