In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Tarantino, Jr., J.), dated December 18, 2009, which, after a fact-finding hearing, found that he neglected the subject children and, inter alia, placed him under the supervision of the Suffolk County Department of Social Services until May 10, 2010.
Ordered that the appeal from so much of the order of fact-finding and disposition as placed the father under the supervision of the Suffolk County Department of Social Services until May 10, 2010, is dismissed as academic, without costs or disbursements; and it is further,
Ordered that order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
*1016 The appeal from that portion of the order of fact-finding and disposition which placed the father under the supervision of the Suffolk County Department of Social Services until May 10, 2010, must be dismissed as academic because that portion of the order expired by its own terms (see Matter of Andrew Y, 44 AD3d 1063, 1064 [2007]; Matter of Amber G, 38 AD3d 538, 539-540 [2007]; Matter of Daqwuan G., 29 AD3d 694, 695 [2006]). Review of the neglect finding, however, is not academic, since a finding of neglect constitutes a “permanent and significant stigma,” from which potential future consequences may flow (Matter of Andrew Y., 44 AD3d at 1064; see Matter of Amber C., 38 AD3d at 539-540; Matter of Daqwuan G., 29 AD3d at 695).
The petitioner established, by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), that the father’s course of conduct, which included verbal abuse of the nonrespondent mother in the presence of the children, making numerous unfounded allegations of maltreatment against the mother and her boyfriend, and other obstreperous behavior, impaired the subject children’s mental or emotional well-being, or placed them in imminent danger of such impairment (see Family Ct Act § 1012 [f]; Nicholson v Scoppetta, 3 NY3d 357 [2004]; Matter of Daniel D., 57 AD3d 444 [2008]; Matter of Catherine KK., 280 AD2d 732 [2001]). Accordingly, the Family Court properly found that the father neglected the subject children.
The father’s remaining contentions are without merit. Dillon, J.E, Florio, Leventhal and Chambers, JJ., concur.