*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 19, 2015                      519305
_____

In the Matter of BROOME COUNTY
    DEPARTMENT OF SOCIAL
    SERVICES, on Behalf of
    CHERYL L. WHEELER,
                        Appellant,              MEMORANDUM AND ORDER

        v

HORACE P. KELLEY,
                        Respondent.
_____

Calendar Date:  January 12, 2015

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.

                        _____


        Robert G. Behnke, County Attorney, Binghamton (Mark Bice of
counsel), for appellant.


                        _____


Lynch, J.

        Appeal from an order of the Family Court of Broome County
(Connerton, J.), entered September 25, 2013, which, in a
proceeding pursuant to Family Ct Act article 4, denied
petitioner's objections to an order of support.

        Petitioner, the assignee of the mother of a minor child
(hereinafter the mother), commenced this child support proceeding
in May 2013 pursuant to Family Ct Act article 4.  Petitioner
became the assignee of the mother's right to receive support for
her minor child upon the mother's receipt of public assistance
(see Social Services Law §§ 348, 571 [1]; Matter of Livingston
County Commr. of Social Servs. v Pragle, 294 AD2d 906, 907
[2002]).  The issue presented on this appeal is whether the
Support Magistrate had the authority to limit the duration of an

order of support obtained by petitioner for "so long as [the mother] receives temporary assistance." Petitioner contends that the support order must continue because the statute does not permit Family Court to terminate a support order upon the termination of public assistance. We agree.

Review of the record confirms that after concluding that there is "nothing in the Family Court Act that says the order shall continue" upon the termination of public assistance, the Support Magistrate held that it was not appropriate to continue the order once the mother's public assistance case closed because the mother did not appear at the proceeding. In our view, this was error. First, we note that while the court may have placed the mother on notice of the hearing, she was not a party nor was she joined as a necessary party to the proceeding (see Family Ct Act § 571 [2]). Moreover, the statute clearly provides that a support order issued in favor of a social services district as assignee pursuant to Family Ct Act § 571 (1) "shall direct that payments be made directly to the support collection unit, . . . so long as there is in effect an assignment of support rights to such district. Further, the order shall provide that when the person or family no longer receives public assistance, payments shall continue to be made to the support collection unit, unless the person or family requests otherwise" (Family Ct Act § 571 [3] [a] [emphasis added]). This statutory directive avoids a gap in payment, while providing a mechanism for payments to be made directly to the recipient parent (see Matter of Friedlander v Friedlander, 244 AD2d 812, 814 [1997]). Here, in direct contravention of the statute, the Support Magistrate's order provided that payments only had to be made while the mother received public assistance. While the statute entitles the mother to commence a de novo support proceeding upon the cessation of her public assistance benefits (see Family Ct Act § 571 [3] [b]; Matter of Burke v Palermo, 190 AD2d 1075, 1076 [1993]), we discern no basis for Family Court's conclusion that the order of support automatically terminates. In our view, therefore, Family Court erred when it denied petitioner's objections to the order of the Support Magistrate.

McCarthy, J.P., Devine and Clark, JJ., concur.


ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.


ENTER:

*Robert D. Mayberger*

Robert D. Mayberger
Clerk of the Court