*420 OPINION OF THE COURT
Pigott, J.
Under the Social Services Law, a recipient of public assistance must assign to the State and social services district his or her right to child support (see Social Services Law § 158 [5]). The recipient is entitled to any support payments that exceed the total amount of public assistance received (18 NYCRR 347.13 [f] [3]). Respondents determined that no such excess existed in this case, and because their determination was not arbitrary, capricious or erroneous as a matter of law, we affirm.
L
Beginning in December 1989, petitioner Crystal Hawkins received public assistance from respondent New York City Department of Social Services, also known as the New York City Human Resources Administration (the City).[1] In May 1990, she gave birth to a son, Michael, who was added to her public assistance case. As a condition of receiving public assistance, petitioner assigned her right to child support for Michael, which the City then attempted to collect from Michael’s father (see Social Services Law § 158 [5], [6] [i]).
In January 2007, the Social Security Administration (SSA) determined Michael was eligible to receive Supplemental Security Income (SSI), retroactive to September 2005. Michael’s eligibility for SSI, however, made him ineligible for public assistance. The City removed him from petitioner’s case in January 2007 and canceled the assignment of support rights going forward, though it continued to collect child support arrears that had accrued prior to January 2007.[2] SSA ultimately reimbursed the City $1,232.50 for the public assistance benefits it paid on Michael’s behalf while his SSI application was pending.
In June 2011, petitioner requested what is called a first-level desk review[3] from the City to determine whether she was owed any excess child support payments. The City determined no payments were owed because it had not collected sufficient *421 child support arrears to exceed the public assistance provided to petitioner’s household. After learning of the City’s determination, petitioner requested a so-called second-level desk review from respondent New York State Office of Temporary and Disability Assistance (the State). The State confirmed the City’s initial determination.
Petitioner then commenced this CPLR article 78 proceeding challenging respondents’ determinations as arbitrary, capricious and erroneous as a matter of law. Supreme Court denied the petition and dismissed the proceeding (2012 NY Slip Op 32922[U] [2012]), and a divided Appellate Division affirmed (118 AD3d 496 [1st Dept 2014]). The majority concluded that respondents rationally determined no payment was owed since the total amount of public assistance paid to petitioner and her family exceeded the amount of child support arrears and other reimbursement the City collected when her public assistance case closed in February 2007 (id. at 499-500). The dissenting Justices agreed with the majority that petitioner was not entitled to any child support collected on Michael’s behalf from September 2005 through January 2007 (id. at 502 [Gische, J., dissenting]). They would have modified the City’s determination, however, “to the extent of remanding the matter back for a recalculation of benefits paid for the family to exclude those periods of time after 2007 when Michael was not statutorily considered part of petitioner’s family” (id. at 500).
Petitioner appealed as of right pursuant to CPLR 5601 (a).
IL
As a condition of receiving public assistance, a person must assign to the State and local social services district “any rights to support that accrue during the period that a family receives [benefits]” (Social Services Law § 158 [5]). The assignment “terminate [s] with respect to current support rights upon a determination by the social services district that such person is no longer eligible for” assistance (id.). The assignment does not terminate, however, with respect to “any unpaid support obligation that has accrued” (id.). Stated differently, when the City determines that a person is no longer eligible for public assistance, the assignment of current and future support rights ends and the City may collect only those support payments *422 that already accrued but have not yet been paid, i.e., arrears. Once support payments are current, they flow directly to the person who is entitled to them. At any time during the assignment, the City may not collect arrears that “exceed the amount of unreimbursed past assistance” it has paid to the family (see 18 NYCRR 347.13 [f] [3]).
Petitioner contends that she is entitled to current child support payments the City collected from September 2005 to January 2007 as well as child support arrears the City collected after 2007. Respondents rationally determined that petitioner is entitled to neither of these sums.
With respect to the payments from 2005 to 2007, petitioner argues that the assignment of current support ended when Michael became eligible for SSI and therefore ineligible for public assistance. Because SSA declared Michael eligible for SSI retroactive to 2005, she claims his assignment terminated in 2005 and the City could not collect current support payments that became due after that date. Section 158 (5) of the Social Services Law plainly states, however, that the assignment of current support rights terminates “upon a determination by the social services district” that the recipient is no longer eligible for public assistance (Social Services Law § 158 [5]). The City did not render a determination that Michael was ineligible for public assistance until January 2007, when he received his first SSI check (see Social Services Law § 158 [2] [a person becomes ineligible for public assistance when he begins “receiving federal supplemental security income”]). That SSA made Michael’s SSI benefits retroactive to 2005 does not change the date of the City’s determination, which the statute defines as the operative time for terminating the assignment of current support.
Petitioner claims she is entitled to payments the City collected from September 2005 to January 2007 for the additional reason that SSA reimbursed the City for the benefits it paid on behalf of Michael during that time. According to petitioner, any child support payments the City collected from Michael’s father over the same period necessarily exceeded the amount of assistance it provided insofar as the assistance had already been reimbursed by SSA. Petitioner’s claim sounds appealing but ultimately fails. Respondents properly credited SSA’s reimbursement check towards the total public assistance provided to petitioner’s family before 2007, and even with that credit, there was no excess.
*423 With respect to arrears collected after 2007, petitioner claims she is entitled to any payment that exceeded the total amount of public assistance her family received. Remember that, pursuant to the assignment, the City may collect support payments that have already accrued so long as those payments do not “exceed the amount of unreimbursed past assistance” the City has provided to petitioner’s family (18 NYCRR 347.13 [f] [3]). Respondents determined there was no excess. According to their calculations, the City had paid petitioner’s family $112,588.83 in public assistance from 1989 until 2011 and recovered only $57,524 in child support. Deducting the $1,232.50 reimbursement check the City received from SSA, respondents determined the City must collect $53,832.33 in child support arrears before petitioner will be entitled to an excess.[4]
Petitioner takes issue with respondents’ calculation of “unreimbursed past assistance” because it includes assistance paid to petitioner’s family after 2007 (until 2011), when Michael was statutorily excluded from her public assistance budget (see Social Services Law § 131-c [1] [individuals who are recipients of federal supplemental security income benefits are not “included in the household for purposes of determining eligibility and grant amounts”]). According to petitioner, the City’s right to collect child support arrears paid on Michael’s behalf is limited to the amount of unreimbursed past assistance paid to the household that included Michael. Allowing the City to apply support for Michael to public assistance benefits that excluded his needs, she contends, is directly contrary to the Social Services Law.
We need not decide whether respondents’ calculations are correct in order to conclude that their determinations were not arbitrary, capricious or erroneous as a matter of law, because even petitioner’s proposed calculation yielded no excess. From 1989 until 2007, the City paid petitioner’s family $101,884.41 in benefits and has recouped only $58,756.50. Thus, under any calculation petitioner proposes, the City has not yet collected child support arrears that exceed the unreimbursed benefits her family received.
Accordingly, the order of the Appellate Division should be affirmed, without costs.

. As of 2001, petitioner received public assistance benefits under the State’s Safety Net Assistance Program (see Social Services Law § 157 et seq.).

. The record indicates that petitioner received approximately $10,000 in child support payments directly from Michael’s father after 2007.

. A first-level desk review is “an accounting of the collections and disbursements made on behalf of a current or former recipient of public as *421 sistance . . . who is or was receiving child support enforcement services” (18 NYCRR 347.25 [a] [1]).

. Michael’s father owes $46,172.71 in child support arrears.