Matter of Commissioner of Social Servs. v Omar G. (2021 NY Slip Op 06956)





Matter of Commissioner of Social Servs. v Omar G.


2021 NY Slip Op 06956


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Gische, J.P., Webber, Oing, Singh, Higgitt, JJ. 


Docket No. F-29970/19 Appeal No. 14854 Case No. 2021-00352 

[*1]In the Matter of the Commissioner of Social Services on Behalf of Karla M., Assignor, Petitioner-Appellant,
v
Omar G., Respondent-Respondent.


Georgia M. Pestana, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for appellant.



Order, Family Court, Bronx County (Phaedra Perry, J.), entered on or about October 26, 2020, which denied petitioner's objection to an order of the same court (Harold E. Bahr III, Support Magistrate), entered February 11, 2020, dismissing its support petition, unanimously reversed, on the law, without costs, the objection granted and the order of dismissal vacated.
On September 27, 2019, the Commissioner of Social Services (DSS), as assignee of the subject child's mother, filed a petition seeking support for the child from respondent father. At the time the petition was filed, the child was receiving cash public assistance and Medicaid benefits. The petition requested an order of support payable to DSS or, in the event assignment to DSS ended, to the mother. It also requested a health insurance order. The petition was initially scheduled to come before an intake magistrate on October 29, 2019, but the appearance was administratively adjourned to November 15, 2019. On November 15, 2019, the mother and the father were present outside the courtroom, but the petition was adjourned again due to time constraints. No temporary support order was issued. Cash public assistance for the child ended on January 31, 2020. The child's Medicaid benefits remained active through January 2021.
When the petition came before the Support Magistrate on February 11, 2020, the Magistrate dismissed the petition over DSS's objection, on the ground that Family Court lacked subject matter jurisdiction over DSS's claims because DSS sought only retroactive support and health insurance costs. DSS objected to the order of dismissal, and Family Court denied the objection.
DSS properly filed its child support petition while the child was still receiving cash public assistance (Family Court Act § 422; Social Services Law § 102[1]; see Matter of Hawkins v Berlin, 26 NY3d 417, 420 [2015]), and Family Court had jurisdiction to determine the petition. We find that after a child support petition is filed, the Family Court is required pursuant to section 434 of the Family Court Act, to "make an order for temporary child support pending a final determination, in an amount sufficient to meet the needs of the child, without a showing of immediate or emergency need". Here, the temporary order should have continued after the child became ineligible for cash assistance, pending a final determination (see Family Court Act §§ 435[b]; 443; 571[3][a]). If not for Family Court's adjournments, a temporary support order would have been issued before the child's cash public assistance ended. Accordingly, reinstatement of the petition is appropriate as the termination of eligibility for cash public assistance during the pendency of the proceeding did not eliminate Family Court's jurisdiction over the petition seeking support and health insurance costs (Friedlander v Friedlander, 244 AD2d 812 [3d Dept 1997]; see also Matter of Broome County Dept. of Social Servs. v Kelly, 125 AD3d 1187 [3d Dept 2015[*2]]; Matter of Oneida County Dept. of Social Servs. v Christman, 125 AD3d 1409 [4th Dept 2015]; cf. Matter of Chemung County Dept. of Social Servs. v Crane, 112 AD3d 90 [3d Dept 2013] [petition dismissed where child ceased receiving public assistance before petition was filed]).
 THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021