■ In the Matter of AYANA E. and Others, Children Alleged to be Neglected. BEVERLEY E., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent.—Appeal from the order of disposition of the Family Court of the State of New York, Bronx County (Harold Lynch, J.), entered on or about September 16, 1987, and vacated upon consent of the parties, unanimously dismissed; and order of said court entered on or about October 28, 1988, discharging the children to their father under certain conditions imposed upon a finding of neglect in an order entered on March 3, 1987, unanimously affirmed, without costs.

Appellant mother contends that there was insufficient evidence for a finding of neglect inasmuch as the children were well cared for and her problems resulted from poverty and homelessness. Pursuant to Family Court Act § 1012 (f) (i), a child who is "impaired or is in imminent danger of becoming impaired" as a result of "the failure of [a] parent * * * to exercise a minimum degree of care" must be found to have been neglected. The evidence presented at the fact-finding hearing by the caseworker and psychiatrist revealed that, prior to her eviction, the appellant and her children remained in a darkened apartment with the blinds closed and lights off, that appellant exhibited improper behavior by excessive and compulsive feeding, bathing and changing of the children, and that her disorganization and inability to keep her appointment with the welfare agency resulted in her eviction. She also exhibited confusion and poor judgment in being unable or unwilling to follow through with plans to secure housing. Further, her episodes of mental illness resulting in hospitalization and her refusal to cooperate with treatment or take medication were sufficient to find neglect (see, Matter of Eugene G., 76 AD2d 781, mot to dismiss appeal granted 51 NY2d 878). Thus, sufficient evidence was presented to substantiate a finding of neglect (see, Matter of Danielle M., 151 AD2d 240, 243).

Because the original dispositional order was vacated, the appeal with respect to said order is purely academic and must be dismissed as moot (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714; Matter of Jodi P., 133 AD2d 158). Concur—Murphy, P. J., Ross, Rosenberger, Asch and Rubin, JJ.