■ In the Matter of ANTHONY C. and Others, Children Alleged to be Neglected. BERNICE C. et al., Appellants; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [873 NYS2d 33]—

Order, Family Court, Bronx County (Douglas E. Hoffman, J.), entered on or about September 7, 2007, which, after a fact-finding hearing, determined that respondents had neglected the subject children, unanimously affirmed, without costs. Appeal from order of disposition, same court and Judge, entered on or about October 29, 2007, which, inter alia, placed Anthony and Mia in the custody of the Commissioner of Social Services, unanimously dismissed as moot, without costs.

The finding of neglect is supported by a preponderance of the evidence showing the unsafe and unsanitary conditions of the mother's apartment, the mother's refusal to obtain treatment for her mental condition and to accept the agency's assistance in locating alternative housing, and the father's failure to ensure that the mother obtained treatment and that the children had adequate shelter and maintained their benefits (*see* Family Ct Act § 1046 [b] [i]; 1012 [f] [i]; *see e.g. Matter of Ashante M.*, 19 AD3d 249 [2005]; *Matter of Tia B.*, 257 AD2d 366, 366 [1999]; *Matter of Ayana E.*, 162 AD2d 330 [1990], *lv denied* 76 NY2d 708 [1990]). The mother failed to preserve her arguments that the Family Court improperly admitted psychiatric reports prepared and certified by the Human Resources Administration (HRA) because they contain the doctors' opinions or expert proof and because they contain statements by others with no duty to report to the HRA. In any event, these arguments lack merit because the certified records were properly admitted pursuant to Family Court Act § 1046 (a) (iv). Contrary to the mother's contention, testimony was not needed to establish a proper foundation for the admission of the records (*see id.*).

We decline to reach the merits of the dispositional order appealed from, the order having been rendered academic by a subsequent order, from which no appeal has been taken, that extended the placement of Anthony and Mia (*see Matter of M.-H. Children*, 284 AD2d 188, 189 [2001]). Concur—Gonzalez, J.P., Buckley, Catterson, McGuire and Acosta, JJ.