■ In the Matter of STEPHANIE S. and Another, Children Alleged to be Neglected. RUBEN S., Appellant; ADMINISTRATOR FOR CHILDREN'S SERVICES, Respondent. [895 NYS2d 72]—

Order of disposition, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about September 18, 2008, which, after a fact-finding determination that respondent father neglected the subject children, inter alia, released 10-month-old Stephanie to his custody under the supervision of petitioner Administration for Children's Services for a period of 12 months, and four-year-old Kimberly to her nonrespondent biological father under a similar supervisory arrangement, unanimously affirmed, without costs.

A preponderance of the evidence, including respondent's own testimony, established that he exposed the children to actual harm, or at least the imminent danger of harm, by his failure to ensure that the children's mother was regularly attending a court-ordered drug treatment program and that she remain drug-free, and by repeatedly allowing the children to remain alone with the mother when he was at work, despite specific directives to the contrary (see Family Ct Act § 1012 [f] [i] [B]; Matter of Anthony C., 59 AD3d 166 [2009]; Matter of Ashante M., 19 AD3d 249 [2005]; see also Matter of Breeyanna S., 52 AD3d 342, 343 [2008], lv denied 11 NY3d 711 [2008]). Respondent's argument that the agency assumed the role of primary caretaker of the children is unavailing both in light of their continued residence with him and "in light of the duty the Family Court Act places on a parent to ensure his own children's safety" (Ashante M. at 249).

We have considered respondent's remaining arguments, including that the court improperly introduced his out-of-court statements, and find them unavailing. Concur—Andrias, J.P., Catterson, Renwick, DeGrasse and Manzanet-Daniels, JJ.