■ In the Matter of SABRINA D., a Child Alleged to be Neglected. NICOLAS D., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [930 NYS2d 563]—

The finding of neglect is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]), including respondent's testimony that he threw a glass vase or fish bowl at the child's mother, causing it to shatter near the child, and that he permitted the child to be alone with her mother despite his knowledge that the mother was abusing heroin and crack cocaine (*see Matter of Stephanie S. [Ruben S.]*, 70 AD3d 519 [2010]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Andrias, Saxe and Sweeny, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GARNER, Appellant. [930 NYS2d 872]—

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Gonzalez, P.J., Andrias, Saxe and Sweeny, JJ.